**Wallace HOLYFIELD, Appellant,**

v.

**MEMBERS MUTUAL INSURANCE COMPANY, Appellee.**

No. 19494.

Court of Civil Appeals of Texas, Dallas.

April 4, 1978.

Rehearing Denied May 2, 1978.

James E. Brown, Briggs & Brown, Dallas, for appellant.

Tom J. Stollenwerck, Moore & Peterson, Dallas, for appellee.

Richard S. Geiger, David B. Irons, Thompson, Coe, Cousins & Irons, Dallas, amicus curiae brief for Texas Auto. Ins. Service Office.

ROBERTSON, Justice.

Wallace Holyfield sued Members Mutual Insurance Company, seeking recovery of Personal Injury Protection (PIP) benefits for his son, who was injured in a collision between Holyfield's motorcycle, which he was riding, and an automobile. Although two automobiles were listed as "insured vehicles" under the policy, the motorcycle was not listed. Separate PIP premiums were paid for the two automobiles, but no premium was paid regarding the motorcycle. The trial court rendered a take-nothing judgment for the insurance company, and Holyfield now appeals. We affirm.

■ The principal question on this appeal is whether an insured may recover PIP benefits for injuries sustained while operating an owned vehicle not listed as an insured vehicle under the policy, and for which no premium has been paid. The policy in this case expressly excludes coverage of injuries sustained while "occupying" a vehicle owned by the named insured which is not an "insured motor vehicle." The policy defines "insured motor vehicle" to mean:

An automobile described in the policy to which bodily injury liability coverage applies *and for which a specific premium charge indicates that personal injury protection is afforded.* [Emphasis added]

Since the motorcycle was not described or listed on the policy, and no specific premium was charged to insure its operators, coverage is excluded under the policy. However, Holyfield argues that this exclusion is contrary to Article 5.06–3(a) of the Texas Insurance Code, which prohibits delivery of automobile insurance policies which do not include PIP coverage. He urges that the exclusion in his policy cannot be given effect, for to do so would restrict the breadth of coverage mandated by the Code. At least one Texas court of civil appeals has agreed with this argument. *See Western Alliance Insurance Company v. Dennis,* 529 S.W.2d 838, 840 (Tex.Civ. App.—Texarkana 1975, no writ).

In *Western Alliance,* the Texarkana court reasoned that since our supreme court had decided that an exclusion relating to *uninsured motorist protection* was an unlawful restriction of the coverage provided by statute,[1] a similar result should be reached regarding PIP coverage. The supreme court case was *Westchester Fire Ins. Co. v. Tucker,* 512 S.W.2d 679, 686 (Tex.1974), in which the court, on rehearing, said:

As stated in our original opinion, we have concluded that the policy exclusion of injuries sustained by an insured while occupying an *owned but unscheduled vehicle* is ineffectual to the extent that it deprives a person of coverage required by Article 5.06–1 of the Insurance Code. [Emphasis added]

The problem with this statement is that, despite the court's reference, no such conclusion was reached in the original opinion. In *Westchester,* the insured claimed benefits under the uninsured motorist insurance coverage for injuries sustained in an owned and *scheduled* vehicle. The court did not mention owned and *unscheduled* vehicles in its original opinion, and since the question was not presented, we disagree with the Texarkana court's conclusion that *Westchester* is authoritative on this point.

■ Neither can we agree with the Texarkana court's holding that providing coverage only for scheduled vehicles is a denial of coverage provided by Article 5.06–3(a) of the Insurance Code. While we agree that Article 5.06–3 dictates the *type* of coverage which must be provided, it does not, by its terms, dictate *which* vehicles the policy must cover or prevent the insurer and insured from agreeing that only certain vehicles will be covered. An insurer is entitled to accurately reflect in the policy the risks being insured and to charge premiums based upon those risks. *See Vaughn v. Atlantic Insurance Company,* 397 S.W.2d 874 (Tex.Civ.App.—Tyler 1966, writ ref'd n. r. e.) *quoting Lumbermens Mutual Casualty Co. v. Pulsifer,* 41 F.Supp. 249 (D.C.Me. 1941) (purpose of policy exclusion of non-scheduled vehicles is to allow premiums to

---

1. Uninsured motorist protection is mandated by Article 5.06–1 of the Texas Insurance Code.

be based upon *known* risks, thereby protecting insurer from increased liability occasioned by risks of which it might not be aware). This right would be frustrated if, as Holyfield argues, an insured who owns more than one vehicle could insure and pay premiums based solely on the risk attendant to that vehicle, and thereby render the insurer liable for injuries sustained in or because of other vehicles owned by him. We cannot presume that such a result was intended. A more reasonable reading of Article 5.06–3 is that it merely requires that PIP benefits be provided; the *manner* in which benefits are provided is left to agreement between the parties. Accordingly, we hold that the exclusion in this case is valid, and that the trial court properly denied recovery under the policy.

Affirmed.