**Wallace HOLYFIELD, Petitioner,**

v.

**MEMBERS MUTUAL INSURANCE COMPANY, Respondent.**

**No. B–7662.**

Supreme Court of Texas.

Oct. 11, 1978.

Rehearing Denied Nov. 22, 1978.

James E. Brown, Dallas, for petitioner.

Moore & Peterson, Tom J. Stollenwerck, Dallas, for respondent.

PER CURIAM.

This suit originated when Holyfield sought to recover Personal Injury Protec-

tion (PIP) benefits under a policy he had purchased from Members Mutual Insurance Company. The policy covered the two vehicles which were scheduled and a separate premium was paid for the PIP coverage on each vehicle.

The policy basically limited PIP coverage to those injuries sustained while riding either in: 1) an owned and scheduled vehicle; 2) a replacement vehicle as defined by the policy; or 3) an unowned vehicle. Holyfield's son, who was covered by the policy, was injured while riding a motorcycle which was owned by Holyfield but not scheduled on the policy. Therefore, under the terms of the policy, he was not covered and the insurer denied coverage.

A summary judgment was rendered for the insurer, Members Mutual, on the basis that an accident which occurs on an owned but unscheduled vehicle was excluded by the policy. The court of civil appeals sitting in Dallas affirmed. 566 S.W.2d 28.

Holyfield bases his claim for benefits on the decision of *Western Alliance Insurance Co. v. Dennis,* 529 S.W.2d 838 (Tex.Civ.App. —Texarkana 1975, no writ). That decision concluded that an exclusion similar to the one in the present case, which limited PIP coverage to only those injuries suffered in owned vehicles that were scheduled on the policy, was an unauthorized limitation on the coverage required by Article 5.06–3 Texas Insurance Code Annotated. We disapprove that decision and its construction of the Texas Insurance Code and its interpretation of *Westchester Fire Insurance Co. v. Tucker,* 512 S.W.2d 679 (Tex.1974). We agree with the result reached in the instant case.

The application for writ of error is refused, no reversible error.