Curtis **HARWELL**, Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, Appellee.

No. 01–88–01130–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 16, 1989.

Rehearing Denied Jan. 18, 1990.

Merry Miller, Gann, Miller & Edwards, Houston, for appellant.

E.J. Wohlt, Houston, for appellee.

Before WARREN, COHEN and O'CONNOR, JJ.

ON MOTION FOR REHEARING

O'CONNOR, Justice.

We grant the motion for rehearing, withdraw our earlier opinion issued July 27, 1989, and substitute the following opinion.

There are two questions in this case. First, is a plaintiff's underinsured motorist coverage offset by a payment from an underinsured motorist? Second, when a plaintiff owns two vehicles which are insured under separate policies, does an exclusionary provision in one policy prevent stacking of the PIP coverage of the two policies?

There are three insurance policies involved in this case: (1) Curtis Harwell's policy on his motorcycle; (2) Harwell's policy on his automobile; and (3) the policy of the underinsured motorist. State Farm insured both of Harwell's vehicles by separate policies.

## I. THE ACCIDENT AND THE SUIT

Harwell was injured when, riding his motorcycle, he collided with an automobile. Harwell settled with the underinsured motorist's insurer for $25,000, the full amount of that policy. State Farm, his insurer, paid him $2,500 in personal injury protection (PIP) under his motorcycle policy.

After settling with the other motorist, Harwell sued his insurer, State Farm, to recover under his motorcycle and automobile policies. The case was tried to the bench on stipulated facts. Harwell suffered $40,000 in bodily injuries and $5,000 in medical expenses.

The trial court found that Harwell's motorcycle policy covered the accident; but, because Harwell was paid under the other motorist's policy, Harwell was not entitled to any additional recovery. In reaching this decision, the trial court refused to stack the motorcycle policy with the other motorist's policy. The court offset the $20,000 underinsured motorist coverage in the motorcycle policy by the $25,000 payment made by the other motorist. Because State Farm paid the full $2,500 due under the PIP clause of the motorcycle policy, nothing was due under that provision. The trial court found that Harwell's automobile policy did not cover the accident because of the exclusion provision.

The trial court ordered that Harwell take nothing in his lawsuit and assessed costs of court against him.

## II. THE INSURANCE POLICIES

Both of Harwell's policies had $20,000 underinsured motorist coverage per individual, with a maximum of $40,000 per accident. Each policy provided $2,500 in PIP.

### A. The Underinsured Coverage in Harwell's Motorcycle Policy.

■ The first issue is whether Harwell can recover under the underinsured provision of his motorcycle policy. We hold he can. In *Stracener v. United Services Auto Association*, and *United Services Auto Association v. Hestilow*, 777 S.W.2d 378 (1989), the supreme court held that when a party's injuries exceed the amount of coverage by an underinsured tortfeasor, the party may look to his own insurance policy for coverage.

Here, Harwell's damages were stipulated to be $40,000. The underinsured's policy paid Harwell $25,000, leaving $15,000 in damages. Harwell was entitled to recover the remaining $15,000 under the underinsured provision of his motorcycle policy, which provided $20,000 in coverage.

### B. The PIP coverage in Harwell's Automobile Policy.

■ The second issue is whether Harwell can recover under the PIP provision of his automobile policy. We hold he cannot.

Harwell's automobile policy contained exclusionary clauses under the PIP clause, which stated:

We do not provide Personal Injury Protection Coverage for any person for bodily injury sustained:

4. While occupying ... any motor vehicle (other than your covered auto) which is owned by you.

['Your covered auto' is defined as 'any vehicle shown in the declarations.']

It is Harwell's theory that his two policies, each with $2,500 in PIP coverage, should be stacked to provide a total of $5,000 of PIP coverage. Harwell contends State Farm was liable to him for an additional $2,500 under the PIP clause of his automobile policy.

Harwell argues that the issue for this Court is whether the trial court should have stacked the coverage in the two policies on the vehicles owned by Harwell. State Farm argues that the exclusionary clause precludes Harwell from recovering under both policies.

We agree with State Farm. For Harwell to recover under both policies, we would have to find that the exclusionary clause in the automobile policy is invalid. Such a finding would be contrary to current case law.

In *Holyfield v. Members Mutual Insurance Co.*, 566 S.W.2d 28 (Tex.Civ.App.—Dallas), *writ ref'd n.r.e. per curiam*, 572 S.W.2d 672 (Tex.1978), Holyfield sued Members Mutual to recover PIP benefits for his son, who was injured when his motorcycle collided with an automobile. The motorcycle was not listed in Holyfield's auto insurance policy as an insured vehicle. The issue presented in *Holyfield* was whether an insured could recover PIP benefits for injuries sustained while operating an owned vehicle not listed as an insured vehicle. The policy expressly excluded coverage for injuries sustained while "occupying" a vehicle owned by the named insured that was not an "insured vehicle" under the policy. The Dallas Court of Appeals found the exclusion valid, and the Texas Supreme Court agreed. *Id.* at 30.

Both the Dallas and the Corpus Christi Courts of Appeals have applied *Holyfield* to exclude uninsured motorists' benefits in cases similar to the present one. In *Equitable General Insurance Co. v. Williams*, 620 S.W.2d 608 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.), Williams purchased a policy containing uninsured motorist coverage from Equitable to cover a Chevrolet automobile. The policy excluded coverage for any accident that occurred in another vehicle owned by the insured but not covered by the policy. While riding his motorcycle, which was not a vehicle covered by the policy, Williams collided with an uninsured motorist. The Dallas Court of Appeals, applying *Holyfield*, held, as a matter of law, the exclusion provision pre-cluded coverage for the motorcycle. *Id.* at 611.

In *Beaupre v. Standard Fire Insurance Co.*, 736 S.W.2d 237, 239 (Tex.App.—Corpus Christi 1987, writ denied), Beaupre was injured in a collision with an underinsured motorist, while riding in her mother's Ford Bronco. Beaupre sued Standard Fire, the insurer of another Beaupre-family vehicle for underinsured benefits. The Bronco was insured, but not by Standard Fire. The Corpus Christi Court of Appeals held the exclusionary provision in the Standard Fire policy, similar to the one here, precluded a recovery for underinsured motorist benefits for injuries received in the Bronco.

Harwell argues that *Stracener* instructs us to stack the PIP benefits of Harwell's two policies. That is not correct. *Stracener* held that a party's recovery under the underinsured provision of his policy cannot be offset by the recovery from the underinsured. 777 S.W.2d at 382–84. That is not an issue here as to Harwell's claim for PIP. In *Stracener*, the fact that the car in which decedent was riding was covered by four policies was undisputed. Here, the parties dispute the motorcycle was covered by the automobile policy. In *Stracener*, no exclusion clause precluded recovery. Here, the issue is the validity of the exclusionary provision in Harwell's automobile policy.

We hold the exclusion provision in the automobile policy was valid and precludes recovery of $2,500 PIP from the automobile policy.

## III. CONCLUSION

Following *Stracener*, we sustain Harwell's point as to the underinsured coverage. Following *Holyfield*, we overrule Harwell's point as to the PIP coverage. We modify the judgment to award Harwell $15,000 under the underinsured clause of his motorcycle policy, and as modified, we affirm.