CONLIN V. STATE FARM 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-329-CV





PATRICIA ANNE CONLIN,




 APPELLANT


vs.





STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,



 APPELLEE



 




FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT



NO. 130,174-B, HONORABLE RICK MORRIS, JUDGE 



 




 This case presents the question of the validity of an "owned-but-unscheduled-vehicle" exclusion contained in the uninsured/underinsured-motorist section of an automobile
insurance policy. Patricia Anne Conlin, appellant, brought suit against State Farm Mutual
Automobile Insurance Company (State Farm) pursuant to the Uniform Declaratory Judgments Act,
Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (1986), for a declaration of State Farm's legal
obligations under the uninsured/underinsured-motorist coverage of her policy. State Farm
defended on the basis of an owned-but-unscheduled-vehicle exclusion in Conlin's policy. The trial
court ruled that the exclusion was valid and rendered a take-nothing judgment. Conlin perfected
this appeal. We will affirm.




BACKGROUND


 The parties stipulated to the relevant facts. On August 31, 1987, State Farm issued
an automobile insurance policy to Conlin; the only vehicle listed on the declaration page of the
policy was a 1985 Mercury that Conlin had leased for her personal use. Two months later State
Farm issued an automobile insurance policy to Conlin's eighteen-year-old daughter, Shauna; the
only vehicle listed on that policy was a 1979 American Motors "Concord" that Conlin had
purchased for her daughter's personal use. Conlin considered the Concord to be Shauna's because
Shauna was purchasing the car from her by making periodic payments.

 On December 25, 1987, Shauna was killed in an accident while riding as a
passenger in her Concord. Robert Machado, Jr., who was driving the Concord with Shauna's
permission at the time of the accident, was an underinsured motorist.

 On behalf of Shauna's estate, Conlin made a claim for and recovered underinsured
motorist benefits under Shauna's policy in the sum of $45,000. She also recovered $25,000 under
the liability portion of Shauna's policy and $25,000 under the liability portion of Machado's
policy. Conlin subsequently made a claim for underinsured motorist benefits under her own
policy. Although Shauna was not a named insured on her mother's policy, she was a "covered
person" as that term was defined in the insurance contract for purposes of underinsured-motorist
benefits. Therefore, Shauna's estate was entitled to recover underinsured-motorist benefits under
Conlin's policy unless precluded by a valid exclusion.

 State Farm denied Conlin's claim on the basis of the following exclusion contained
in her policy:


A. We do not provide Uninsured\Underinsured Motorists Coverage for any
person:


 1. For bodily injury sustained while occupying, or when struck by,
any motor vehicle or trailer of any type owned by you or any family
member which is not insured for this coverage under this policy.


Conlin filed a declaratory judgment action seeking a judicial declaration that she was entitled to
recover under the policy. The trial court rendered a take-nothing judgment against Conlin.

 The stipulated facts show that Shauna was fatally injured while riding as a passenger in
a car owned by Conlin or a family member. Further, there is no question that Shauna's car was
not insured for uninsured\underinsured-motorist coverage under Conlin's policy; the only car
listed on Conlin's policy was the leased 1985 Mercury. Therefore, the above policy exclusion,
if valid, precludes Shauna's estate from recovering underinsured-motorist benefits under Conlin's
insurance policy. In two points of error, Conlin argues that the exclusion is an invalid restriction
of coverage and operates to deprive an insured of protection required by Tex. Ins. Code Ann. art.
5.06-1 (1981).


DISCUSSION


 Article 5.06-1 of the Insurance Code provides:


 No automobile liability insurance . . . covering liability arising out
of the ownership, maintenance, or use of any motor vehicle shall be delivered or
issued for delivery in this state unless coverage is provided therein or supplemental
thereto . . . for the protection of persons insured thereunder who are legally
entitled to recover damages from owners or operators of uninsured or underinsured
motor vehicles because of bodily injury, sickness, or disease, including death, or
property damage resulting therefrom.


Tex. Ins. Code Ann. art. 5.06-1 (1981).

 In construing the scope and meaning of this statute in the context of the exclusion
at issue here, we start with the 1974 Texas Supreme Court decision in Westchester Fire Insurance
Co. v. Tucker, 512 S.W.2d 679 (Tex. 1974). In Westchester the insured claimed benefits under
his uninsured-motorist insurance coverage for injuries sustained in an owned and scheduled
vehicle. Nevertheless, the supreme court stated in dictum that "the policy exclusion of injuries
sustained by an insured while occupying an owned but unscheduled vehicle is ineffectual to the
extent that it deprives a person of coverage required by Article 5.06-1 of the Insurance Code,
V.A.T.S." Id. at 686 (emphasis added). Therefore, at least in dictum, the supreme court seemed
to cast serious doubt on the validity of owned-but-unscheduled-vehicle exclusions.

 The following year, the United States Court of Appeals for the Fifth Circuit was
presented with the task of predicting how the Texas Supreme Court would rule on the validity of
such an exclusion if squarely presented with the issue. In Stephens v. State Farm Mutual
Automobile Insurance Co., 508 F.2d 1363 (5th Cir. 1975), Mr. and Mrs. Stephens, while riding
in a car owned and driven by Mrs. Stephens, were involved in an accident caused by an uninsured
motorist. As a result of the accident, Mrs. Stephens was killed and Mr. Stephens severely
injured. At the time of the accident, the car in which they were riding, Mrs. Stephens's car, was
insured by Royal Indemnity Company. The policy, procured by Mrs. Stephens in her maiden
name, was a standard Texas automobile insurance policy carrying an uninsured-motorist
endorsement. Mr. Stephens also owned a car, which was insured by a State Farm Mutual
Automobile Insurance Company policy carrying the same uninsured-motorist endorsement. 
Therefore, the only car listed on the Royal policy was Mrs. Stephens's car, the car in which the
accident occurred. The only car listed on the State Farm policy was Mr. Stephens's car. See id.
at 1364-65.

 Mr. Stephens, individually and as the personal representative of Mrs. Stephens,
settled with Royal Indemnity Company, the company insuring his wife's car. State Farm,
however, refused to pay uninsured-motorist benefits based on the following exclusion in Mr.
Stephens's insurance policy:


This policy does not apply under Part IV:



(a) to bodily injury to an insured while occupying an automobile (other than an
insured automobile) owned by the named insured or a relative, or through
being struck by such an automobile.


Id. at 1367. There was no question that both Mr. and Mrs. Stephens suffered bodily injury while
occupying an automobile owned by a relative of the named insured and that was not listed as an
insured vehicle under the State Farm policy. Therefore, the Stephens court concluded that, if
valid, the above provision would preclude recovery by the Stephens. The court held, however,
that under Texas law the provision was an invalid restriction of coverage required by article 5.06-1. Id. In so holding, the court relied primarily on the supreme court's dictum in Westchester. 
Id. at 1367-68.

 Following Westchester and Stephens, the Texarkana Court of Civil Appeals was
asked to determine the validity of a similar exclusion in the context of personal-injury-protection
(PIP) coverage required by Tex. Ins. Code Ann. art. 5.06-3 (1981). (1) In Western Alliance
Insurance Co. v. Dennis, 529 S.W.2d 838 (Tex. Civ. App. 1975, no writ), the insurance company
had issued an automobile liability insurance policy to Dennis that contained a PIP endorsement. 
The only vehicle listed on the policy was a 1968 Buick. Subsequently, Dennis's two minor sons
were injured when the motorcycle they were riding was struck by a truck. The motorcycle was
owned by one of the sons, but was not listed as an "insured vehicle" under Dennis's policy. 
When Western Alliance refused to pay PIP benefits on the basis of the exclusion, Dennis
challenged its validity as being an unauthorized limitation of protection required by article 5.06-3. 
Relying exclusively on the supreme court's dictum in Westchester, the court of civil appeals held
that the exclusion was invalid. Id. at 839-40.

 Were this the state of the law today, we might be inclined to hold the present
exclusion invalid; however, that is not the case. In 1978 the Dallas Court of Civil Appeals was
asked to determine the validity of such an exclusion in the context of article 5.06-3. In Holyfield
v. Members Mutual Insurance Co., 566 S.W.2d 28 (Tex. Civ. App.), writ ref'd n.r.e., 572
S.W.2d 672 (Tex. 1978), Holyfield's son was injured while riding a motorcycle owned by
Holyfield. Members Mutual had issued an automobile insurance policy to Holyfield that listed
two of his automobiles as "insured vehicles" but failed to list the motorcycle that his son was
riding when injured. PIP premiums were paid for the two automobiles, but no premiums were
paid regarding the motorcycle. Therefore, Members Mutual refused to pay PIP benefits based
on the exclusion in Holyfield's policy. Holyfield argued that the exclusion was an invalid
restriction of coverage required by article 5.06-3. Id. at 29.

 In concluding that the exclusion was valid, the Holyfield court first noted that the
supreme court's statement in Westchester, relied on by the courts in Stephens and Western
Alliance, was dictum and, therefore, not controlling. Id. The court then disagreed with the
Texarkana court's holding that providing coverage only for scheduled vehicles denies coverage
mandated by article 5.06-3:


While we agree that Article 5.06-3 dictates the type of coverage which must be
provided, it does not, by its terms, dictate which vehicles the policy must cover or
prevent the insurer and insured from agreeing that only certain vehicles will be
covered. An insurer is entitled to accurately reflect in the policy the risks being
insured and to charge premiums based upon those risks. See Vaughn v. Atlantic
Insurance Company, 397 S.W.2d 874 (Tex. Civ. App.--Tyler 1966, writ ref'd
n.r.e.) quoting Lumbermens Mutual Casualty Co. v. Pulsifer, 41 F.Supp. 249
(D.C.Me. 1941) (purpose of policy exclusion of nonscheduled vehicles is to allow
premiums to be based upon known risks, thereby protecting insurer from increased
liability occasioned by risks of which it might not be aware). This right would be
frustrated if, as Holyfield argues, an insured who owns more than one vehicle
could insure and pay premiums based solely on the risk attendant to that vehicle,
and thereby render the insurer liable for injuries sustained in or because of other
vehicles owned by him. We cannot presume that such a result was intended.


Holyfield, 566 S.W.2d at 29-30 (emphasis in original).

 In a per curiam opinion refusing Holyfield's application for writ of error, the
supreme court expressly disapproved of the Western Alliance court's construction of the Insurance
Code and its interpretation of Westchester. Holyfield v. Members Mut. Ins. Co., 572 S.W.2d 672
(Tex. 1978).

 Shortly thereafter, this Court followed Holyfield in holding an owned-but-unscheduled-vehicle exclusion valid as to PIP coverage. See Springfield v. Aetna Cas. & Sur. Ins.
Co., 612 S.W.2d 285 (Tex. Civ. App.), writ ref'd n.r.e., 620 S.W.2d 557 (Tex. 1981). In
refusing the application for writ of error in Springfield, the supreme court stated that the plaintiff's
claim that the exclusion was invalid "was correctly denied by the courts below by reason of this
court's decision in Holyfield v. Members Mutual Insurance Co., 572 S.W.2d 672 (Tex. 1978)." 
Springfield, 620 S.W.2d at 558.

 In 1981 the Dallas Court of Civil Appeals was again asked to determine the validity
of an owned-but-unscheduled-vehicle exclusion, this time in the context of article 5.06-1. In
Equitable General Insurance Co. v. Williams, 620 S.W.2d 608 (Tex. Civ. App. 1981, writ ref'd
n.r.e.), Williams purchased a standard family automobile policy from Equitable General that
contained an uninsured-motorist endorsement, for which Williams paid a premium of $8.00. The
only vehicle listed on the policy was a 1974 Chevrolet automobile. Williams was injured while
riding a motorcycle that he owned; however, the motorcycle was not listed as an insured vehicle
under the policy. When Equitable General refused to pay uninsured-motorist benefits based on
the exclusion in his policy, Williams argued that the exclusion was an invalid restriction of
coverage required by article 5.06-1. Id. at 609. Relying on its opinion in Holyfield and the
supreme court's express disapproval of Western Alliance, the Dallas court rejected Williams's
argument and held that the exclusionary clause in the uninsured-motorist endorsement was valid. 
Id. at 610-11.

 Since the Dallas court's decision in Equitable General, at least six appellate
decisions have upheld the validity of such an exclusion in the context either of article 5.06-1 or
of article 5.06-3 of the Insurance Code. See Texas Farmers Ins. Co. v. McKinnon, No.
9-90-233-CV (Tex. App.--Beaumont, Dec. 19, 1991, writ requested); Moore v. State Farm Mut.
Auto. Ins. Co., 792 S.W.2d 818 (Tex. App. 1990, no writ); Harwell v. State Farm Mut. Auto.
Ins. Co., 782 S.W.2d 518 (Tex. App. 1989, no writ); Berry v. Texas Farm Bureau Mut. Ins. Co.,
782 S.W.2d 246 (Tex. App. 1989, writ denied); Beaupre v. Standard Fire Ins. Co., 736 S.W.2d
237 (Tex. App. 1987, writ denied); Broach v. Members Ins. Co., 647 S.W.2d 374 (Tex. App.
1983, no writ). Despite this plethora of case law against her position, Conlin argues that the
exclusion in her policy is an invalid restriction on coverage required by article 5.06-1.

 In support of her argument, Conlin relies in part on the Stephens case decided by
the Fifth Circuit. See 508 F.2d at 1363. The Stephens court, however, relied primarily on the
supreme court's dictum in Westchester for the proposition that owned-but-unscheduled-vehicle
exclusions are invalid. Id. at 1367-68. As discussed above, the supreme court has expressly
disapproved of such an interpretation of Westchester. See Holyfield, 572 S.W.2d at 673. 
Therefore, Stephens does not represent current Texas law on this issue.

 Conlin also points us to three Texas Supreme Court opinions as support for her
argument: Stracener v. United Serv. Auto. Ass'n, 777 S.W.2d 378 (Tex. 1989); American
Motorists Ins. Co. v. Briggs, 514 S.W.2d 233 (Tex. 1974); and American Liberty Ins. Co. v.
Ranzau, 481 S.W.2d 793 (Tex. 1972). All three cases are distinguishable. None of the three
involved an owned-but-unscheduled-vehicle exclusion. Indeed, none involved an exclusionary
provision at all. Further, the supreme court has had several opportunities to correct any
misstatement of the law as set out by the intermediate appellate courts of this state, yet has not
done so.

 Conlin also relies on a recent case decided by the San Antonio Court of Appeals. 
In Briones v. State Farm Mutual Automobile Insurance Co., 790 S.W.2d 70 (Tex. App. 1990,
writ denied), Briones was injured in a one-vehicle automobile accident while riding as a passenger
in the sleeping compartment of a tractor-trailer truck owned by his employer. The truck in
question was only one of five that Briones's employer could assign him to drive, but the evidence
was that Briones had driven it regularly for four years. Briones sought to recover under the
uninsured-motorist clause of his family automobile insurance policy issued by State Farm. A
provision in Briones's policy defined "uninsured motor vehicle" to exclude any vehicle "furnished
or available for the regular use of you or any family member." On the basis of this language,
State Farm refused to pay uninsured-motorist benefits on the ground that the tractor-trailer was
a vehicle regularly furnished by Briones's employer for his use. The appellate court concluded
that the tractor-trailer was indeed furnished for the regular use of Briones; however, relying
primarily on Stracener, the court held that the exclusion was an invalid restriction on coverage
required by article 5.06-1 of the Insurance Code. Id. at 72-74.

 We conclude that Briones, too, is distinguishable from the present case. Briones
involved a vehicle owned by his employer, not by Briones or a family member. In those
circumstances, Briones could not be expected to insure every vehicle that his employer chose to
assign him to drive; indeed, as stated by the Briones court, it is doubtful that Briones anticipated
that he would be unprotected if involved in an accident while a passenger in an uninsured vehicle
owned by his employer. 790 S.W.2d at 73.

 In the present case, however, Conlin's policy clearly excluded recovery for injuries
sustained while riding in Shauna's car unless Shauna's car was listed on Conlin's policy and a
premium paid for such coverage. Further, Conlin had the opportunity to include Shauna's car on
her policy as an insured vehicle and pay a premium for that coverage, but she apparently chose
not to do so. We agree with the Holyfield court that an insurer is entitled to have a policy
accurately reflect the risks being insured against and to charge premiums based on those risks. 
The public policy of this state, as embodied in article 5.06-1 of the Insurance Code, does not
require that a person be allowed to insure and pay premiums based solely on the risks attendant
to one vehicle, and then recover from the insurer for injuries sustained in or because of a
different, unscheduled vehicle owned by the insured or a family member. See Harwell, 782
S.W.2d at 518; Beaupre, 736 S.W.2d at 237; see generally 8C J. Appleman & J. Appleman,
Insurance Law and Practice § 5078.35 (1982).


CONCLUSION


 Based on our foregoing discussion, we conclude that the owned-but-unscheduled-vehicle exclusion in Conlin's automobile liability insurance policy is valid and enforceable. 
Therefore, we affirm the trial court's judgment.



 

 J. Woodfin Jones, Justice

[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: April 8, 1992

[Publish]
1. We note that articles 5.06-1 and 5.06-3 are almost identical in their wording. Article
5.06-1 makes it mandatory that uninsured/underinsured-motorist protection be offered to the
insured on any automobile liability policy issued in Texas, while article 5.06-3 contains a
similar requirement for PIP coverage. Both coverages may be rejected by the insured. 
Charges may be made for both coverages. We see no reason why the rationale used by courts
in determining the validity of an owned-but-unscheduled-vehicle exclusion should not be the
same whether in the context of article 5.06-1 or article 5.06-3.