State Farm v. McGaughey 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-645-CV





STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,



 
 APPELLANT


vs.





CHERYL ANN MCGAUGHEY, INDIVIDUALLY AND AS NEXT 


FRIEND OF TYLER WARREN MCGAUGHEY, A MINOR, 


AND TYLER WARREN MCGAUGHEY, A MINOR,




 APPELLEES



 




FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT



NO. CV90-0226-B, HONORABLE CURT F. STEIB, JUDGE PRESIDING



 





 This case presents the question of the validity of an "owned-but-unscheduled-vehicle" exclusion in the uninsured/underinsured-motorist section of an automobile insurance
policy. Appellees, Cheryl Ann McGaughey, individually and as next friend of Tyler Warren
McGaughey, a minor, and Tyler Warren McGaughey, a minor, sued appellant State Farm Mutual
Automobile Insurance Company ("State Farm") to recover the $20,000 policy limits under the
uninsured/underinsured motorist coverage of Cheryl Ann's policy. State Farm defended on the
basis of an owned-but-unscheduled-vehicle exclusion contained in the policy. Following a bench
trial, the district court rendered judgment in favor of appellees, declaring the exclusion contrary
to public policy and awarding appellees a joint recovery of $20,000. State Farm appeals the district court's judgment, raising a single point of error asserting that such
exclusion is not void as against public policy. We will reverse the district court's judgment.


FACTUAL AND PROCEDURAL BACKGROUND


 The parties stipulated to the relevant facts. Cheryl Ann is the surviving wife and
Tyler Warren is the surviving son of Joe Don McGaughey. Cheryl Ann and Joe Don were
married on February 6, 1988. Thirteen days later, on February 19, 1988, Joe Don was killed in
an accident while driving a 1984 Ford Mustang, a vehicle that was owned and insured by Joe
Don. The accident occurred as a result of a collision between Joe Don's 1984 Ford Mustang and
a 1984 Lincoln Town Car. The Lincoln was an uninsured motor vehicle, and its operator was
likewise uninsured. Appellees, Cheryl Ann and Tyler Warren, are legally entitled to recover in
excess of $70,000 each from the operator of the Lincoln for damages incurred as a result of the
accident that caused Joe Don's death.

 The 1984 Mustang Joe Don was driving at the time of the accident was insured
prior to February 6, 1988, by State Farm. The insurance policy covering the 1984 Mustang was
issued to Joe Don, and that automobile was the only vehicle listed on the declaration page of the
policy. Cheryl Ann was not a named insured under the policy.

 Cheryl Ann owned a 1982 Ford Mustang which was also insured prior to February
6, 1988, by State Farm, but under a separate policy. This vehicle was not involved in the accident
that resulted in Joe Don's death. The insurance policy covering the 1982 Mustang was issued to
Cheryl Ann, and that automobile was the only vehicle listed on the declaration page of the policy. 
Joe Don was not a named insured under the policy.

 On behalf of Joe Don's estate, Cheryl Ann made a claim for and recovered
uninsured-motorist benefits of $50,000 under Joe Don's insurance policy covering the 1984
Mustang. Thereafter, Cheryl Ann made a claim for the maximum $20,000 in uninsured-motorist
benefits under her own policy covering the 1982 Mustang. Although Joe Don was not a named
insured under Cheryl Ann's policy, he was a "family member" and "covered person" as those
terms are defined in the policy for purposes of uninsured-motorist benefits. Therefore, Joe Don's
estate is entitled to recover uninsured-motorist benefits under Cheryl Ann's policy unless
precluded by a valid policy exclusion.

 State Farm denied Cheryl Ann's claim on the basis of the following exclusion
contained in her policy:



A. We do not provide Uninsured/Underinsured Motorists Coverage for any
person:


 1. For bodily injury sustained while occupying, or when struck by,
any motor vehicle or trailer of any type owned by you or any
family member which is not insured for this coverage under this
policy.



The trial court declared that this policy exclusion "violates the Uninsured Motorists Statute
(Article 5.06-1 of the Texas Insurance Code), is not consistent with, not in furtherance of, the
legislative intent and purposes mandated in enacting said statute, is contrary to Texas public policy
underlying said statute, and is therefore invalid." Accordingly, the trial court rendered judgment
that appellees recover from State Farm the maximum $20,000 in uninsured-motorist benefits under
Cheryl Ann's policy. 



DISCUSSION


 In a single point of error, State Farm complains that the trial court erred in holding
that the owned-but-unscheduled-vehicle exclusion referenced above violates the public policy
underlying article 5.06-1 of the Insurance Code. See Tex. Ins. Code Ann. art. 5.06-1 (West 1981
& Supp. 1993).

 Article 5.06-1 provides in part:



No automobile liability insurance . . . covering liability arising out of the
ownership, maintenance, or use of any motor vehicle shall be delivered or issued
for delivery in this state unless coverage is provided therein or supplemental
thereto . . . for the protection of persons insured thereunder who are legally
entitled to recover damages from owners or operators of uninsured or underinsured
motor vehicles because of bodily injury, sickness, or disease, including death, or
property damage resulting therefrom.



Tex. Ins. Code Ann. art. 5.06-1(1) (West 1981). The purpose of this statute is to protect
conscientious motorists from financial loss caused by financially irresponsible motorists. 
Stracener v. United Servs. Auto. Ass'n, 777 S.W.2d 378, 382 (Tex. 1989); Rosales v. State Farm
Mut. Auto. Ins. Co., 835 S.W.2d 804, 805 (Tex. App.--Austin 1992, writ denied); Briones v. State
Farm Mut. Auto. Ins. Co., 790 S.W.2d 70, 74 (Tex. App.--San Antonio 1990, writ denied); see
also Act of Oct. 1, 1967, 60th Leg., R.S., ch. 202, sec. 3, 1967 Tex. Gen. Laws 448, 449.

 Appellees contend that the owned-but-unscheduled-vehicle exclusion contained in
Cheryl Ann's policy contravenes the purpose and intent of article 5.06-1. We have recently
interpreted the scope and meaning of this statute in the context of the precise exclusion at issue
here. In Conlin v. State Farm Mutual Automobile Insurance Co., 828 S.W.2d 332 (Tex.
App.--Austin 1992, writ denied), we held such an exclusion valid and enforceable. The facts in
the Conlin case are strikingly similar to the facts of the present case. In the Conlin case,
plaintiff's daughter was killed while riding as a passenger in a car owned by her daughter and
insured by her daughter under a separate policy from plaintiff's. The plaintiff in Conlin recovered
under the negligent driver's policy, and because the negligent driver was underinsured, plaintiff
also recovered under the underinsured-motorist provision of her daughter's separate insurance
policy. The plaintiff in Conlin thereafter attempted to recover under her own policy, although the
vehicle involved in the accident that resulted in her daughter's death was not listed on the
declaration page of the plaintiff's policy. The insurance company denied the Conlin plaintiff's
claim based on an identical owned-but-unscheduled-vehicle exclusion, and the trial court rendered
a take-nothing judgment against the plaintiff. On appeal in that case, we held that the owned-but-unscheduled-vehicle exclusion in plaintiff's policy was valid and enforceable.

 Explaining our reasoning in Conlin, we stated:



[A]n insurer is entitled to have a policy accurately reflect the risks being insured
against and to charge premiums based on those risks. The public policy of this
state, as embodied in article 5.06-1 of the Insurance Code, does not require that
a person be allowed to insure and pay premiums based solely on the risks attendant
to one vehicle, and then recover from the insurer for injuries sustained in or
because of a different, unscheduled vehicle owned by the insured or a family
member.



Conlin, 828 S.W.2d at 337. We believe the analysis articulated in the Conlin case is equally
applicable in the present case.

 Appellees assert two bases for distinguishing the present case from Conlin. First,
appellees assert that the legislative purpose underlying article 5.06-1 was not compromised in the
Conlin case as it is in the present case. Appellees contend that the present case is distinguishable
because the negligent driver in this case was a "financially irresponsible" driver, i.e., was
completely uninsured, whereas the negligent driver in Conlin was financially responsible because,
although underinsured, he was in fact covered by liability insurance. We do not find this
distinction dispositive.

 Initially, we note that two intermediate appellate courts have concluded that an
owned-but-unscheduled-vehicle exclusion is valid and enforceable and, therefore, not contrary to
the public policy underlying article 5.06-1 where uninsured, as opposed to underinsured, motorist
coverage is at issue. See Broach v. Members Ins. Co., 647 S.W.2d 374, 375 (Tex. App.--Corpus
Christi 1983, no writ); Equitable Gen. Ins. Co. v. Williams, 620 S.W.2d 608, 610-11 (Tex. Civ.
App.--Dallas 1981, writ ref'd n.r.e.); see also Holyfield v. Members Mut. Ins. Co., 566 S.W.2d
28 (Tex. Civ. App.Dallas), writ ref'd n.r.e. per curiam, 572 S.W.2d 672 (1978) (reaching same
conclusion in context of article 5.06-3, personal-injury-protection coverage).

 Further, under the facts of this particular case, we believe that Cheryl Ann was not
misled by the owned-but-unscheduled-vehicle exclusion contained in her policy. In the Briones
case referenced above, the San Antonio Court of Appeals held an exclusionary provision contained
in the plaintiff's policy invalid as against the public policy underlying article 5.06-1 on the ground
that "[i]t is doubtful that when the uninsured provision was purchased, Briones believed that he
would not be protected if involved in an accident while a passenger in an uninsured motor vehicle
owned by his employer and driven by an uninsured co-employee." Briones, 790 S.W.2d at 73. (1) 
As in Conlin, however, the present case is distinguishable from Briones because Cheryl Ann's
policy clearly excluded recovery for injuries sustained by Joe Don while driving his 1984 Ford
Mustang unless this vehicle was listed on Cheryl Ann's policy. See Conlin, 828 S.W.2d at 336.

 As a second distinction between Conlin and the present case, appellees assert that
in Conlin "there was an opportunity for the vehicle in which the decedent was riding to be placed
on the policy upon which the suit was instituted, but the record in our case is silent in that
regard." We do not find this distinction dispositive. Nothing prevented Cheryl Ann from placing
Joe Don's 1984 Mustang on her policy, and nothing prevented Cheryl Ann and Joe Don from
consolidating their two separate policies into one policy covering both vehicles. Accordingly,
Cheryl Ann's failure to ensure coverage under her separate policy should not be the basis for
allowing coverage where State Farm specifically and unambiguously excluded such coverage.

 Appellees also cite several cases in support of their argument that the owned-but-unscheduled-vehicle exclusion is invalid in the present case. See Stephens v. State Farm Mut.
Auto. Ins. Co., 508 F.2d 1363 (5th Cir. 1975) (interpreting Westchester Fire Ins. Co. v. Tucker,
512 S.W.2d 679 (Tex. 1974)); Stracener v. United Servs. Auto. Ass'n, 777 S.W.2d 378 (Tex.
1989); American Motorists Ins. Co. v. Briggs, 514 S.W.2d 233 (Tex. 1974); American Liberty
Ins. Co. v. Ranzau, 481 S.W.2d 793 (Tex. 1972). Appellees rely on these cases and assert the
same arguments advanced in the same factual context by the plaintiff in Conlin. We fully
discussed these cases in Conlin and found them inapplicable. See 828 S.W.2d at 336.



CONCLUSION


 Based on the above analysis, we conclude that the owned-but-unscheduled-vehicle
exclusion in Cheryl Ann's automobile liability insurance policy is valid and enforceable. 
Accordingly, we sustain State Farm's single point of error, reverse the district court's judgment,
and render judgment that appellees take nothing.




 

 J. Woodfin Jones, Justice

[Before Justices Aboussie, Jones, and B. A. Smith]

Reversed and Rendered

Filed: August 25, 1993

[Do Not Publish]
1. We note that the exclusionary clause at issue in the Briones case was not an owned-but-unscheduled-vehicle exclusion. Rather, the exclusionary clause at issue was a provision which
defined "uninsured motor vehicle" to exclude any vehicle "furnished or available for the
regular use of you or any family member." Briones, 790 S.W.2d at 71.