United States Court of Appeals,

Fifth Circuit.

No. 92-9108.

AMERICAN ECONOMY INSURANCE COMPANY, Plaintiff-Appellee,

v.

Sandra TOMLINSON, Defendant-Appellant.

Jan. 31, 1994.

Appeal from the United States District Court for the Northern District of Texas.

Before GOLDBERG, JONES,[*] and DUHÉ, Circuit Judges.

GOLDBERG, Circuit Judge:

In this appeal, we must determine whether the defendant, a woman who received a one-half interest in an automobile through a probated will, owned that car within the meaning of her Texas personal automobile insurance policy. If the defendant owned the car in question, two "owned-but-unscheduled-vehicle" exclusion clauses in her insurance policy apply and eliminate coverage for the injuries that she suffered in an accident that occurred while she was driving the car. If the exclusions apply, we must decide whether they conflict with the requirements of the Texas Insurance Code. After the plaintiff moved for summary judgment and the defendant failed to respond, the district court found that the defendant owned the car and that the exclusion clauses were enforceable. The defendant appeals. Finding no error in the district court's judgment, we affirm.

I. Facts and Proceedings Below

Sandra Tomlinson was injured in an automobile accident in April of 1992. When the accident occurred, Tomlinson was driving a 1985 Mercedes Benz 190E that had belonged to her father, George Rashti. Rashti had died approximately two years earlier, and Tomlinson and her sister were the co-beneficiaries of his estate. Under Rashti's will, Tomlinson and her sister each inherited an undivided one-half interest in their father's estate, including the Mercedes 190E. Rashti's will had

    [*]Judge Jones did not sit for oral argument due to illness but did participate in the opinion with the aid of tape recordings.

been admitted to probate, but the administration of the estate had not closed at the time of the accident. The certificate of title for the Mercedes 190E was still in Rashti's name.

American Economy Insurance Company ("American Economy") issued a Texas Personal Auto Policy ("Policy") to Tomlinson in June of 1991. The only car listed as a covered automobile on the Policy was a 1985 Mercedes Benz 380; the Mercedes 190E was not listed as a covered automobile. After the accident, Tomlinson filed a claim for personal injury protection coverage and uninsured motorists coverage under the Policy. American Economy then filed this suit, seeking a declaration that it was not obligated to pay Tomlinson either the personal injury protection coverage or the uninsured motorists coverage that she sought. American Economy relied on two "owned-but-unscheduled-vehicle" exclusion clauses contained in the Policy. These clauses excluded personal injury protection and uninsured motorists coverage for any injury that Tomlinson suffered while she occupied an automobile that she owned but which was not listed as a covered automobile in the Policy. Specifically, the first exclusion clause excepted "Personal Injury Protection Coverage for any person for bodily injury sustained ... [w]hile occupying, or when struck by, any motor vehicle (other than your covered auto) which is owned by you." The second clause eliminated uninsured and underinsured motorists coverage "for any person ... [f]or bodily injury sustained while occupying, or when struck by, any motor vehicle or trailer of any type owned by you or any family member which is not insured for this coverage under this policy."

After American Economy moved for summary judgment, Tomlinson failed to respond. The district court granted the motion for summary judgment and entered a final judgment, declaring that American Economy was not obligated to pay Tomlinson's claim. After the district court denied Tomlinson's motion for new trial, Tomlinson appealed.

## II. Discussion

In reviewing a grant of summary judgment, we apply the same standard employed by the district court. Specifically, we ask whether the summary judgment evidence on file shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Hibernia National Bank v. Carner,* 997 F.2d 94, 97 (5th Cir.1993). In other words, summary

judgment is appropriate when the moving party "presents evidence which negates any essential element of the opposing party's claim or where any essential element is without factual support." *First American Bank & Trust v. Texas Life Ins. Co.,* 10 F.3d 332, 3 (5th Cir.1994).

## A. Ownership of the Automobile

Tomlinson first contends that whether she owned the Mercedes 190E that she was driving at the time of the accident is ambiguous and that we should construe the Policy in favor of coverage by holding that she was not the owner of the car within the meaning of the Policy. We do not find Tomlinson's arguments persuasive.

The Texas Supreme Court has succinctly articulated the rules of interpretation applicable to insurance contracts such as the one at issue here:

> Generally, a contract of insurance is subject to the same rules of construction as other contracts. *Barnett v. Aetna Life Ins. Co.,* 723 S.W.2d 663, 665 (Tex.1987). If the written instrument is worded so that it can be given only one reasonable construction, it will be enforced as written. *Puckett v. U.S. Fire Ins. Co.,* 678 S.W.2d 936, 938 (Tex.1984). However, if a contract of insurance is susceptible to more than one reasonable interpretation, we must resolve the uncertainty by adopting the construction that most favors the insured. *Barnett,* 723 S.W.2d at 667; *Ramsay v. Maryland Am. Gen. Ins. Co.,* 533 S.W.2d 344, 349 (Tex.1976); *Brown v. Palatine,* 89 Tex. 590, 35 S.W. 1060, 1061 (1896). The court must adopt the construction of an exclusionary clause urged by the insured as long as that construction is not unreasonable, even if the construction urged by the insurer appears to be more reasonable or a more accurate reflection of the parties' intent.

*Nat'l Union Fire Ins. Co. v. Hudson Energy Co.,* 811 S.W.2d 552, 555 (Tex.1991). Of course, courts may not "resort to [these] rules of contract construction if the policy is unambiguous, that is, if it is susceptible of only one reasonable interpretation." *Upshaw v. Trinity Companies,* 842 S.W.2d 631, 633 (Tex.1992).

The issue is whether Tomlinson owned the Mercedes 190E that she was driving when she was injured. The Policy does not define the term "owned". The Texas Probate Code does, however, provide that when a person dies, leaving a lawful will, the estate vests in the devisees or legatees immediately upon the testator's death. *See* Tex.Prob.Code Ann. § 37 (Vernon supp.1993). Courts that have interpreted this statute have written that "title to an estate vests in the heirs immediately upon the death of the decedent. There is never a time when title is not vested in someone." *Welder v. Hitchcock,* 617 S.W.2d 294, 297 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.). To be

sure, section 37 of the Probate Code provides that the vesting of the estate is subject to the payment of the debts of the testator and that, upon the issuance of letters testamentary or of administration, an executor or administrator of an estate has the right to possess the property of an estate. However, this latent qualification of the devisees' or legatees' right to retain the devised property does not alter the fact that title to the property of the estate passes to the devisees or legatees immediately upon the death of the testator.[1]

Moreover, once a will is admitted to probate, it becomes effectual to prove title to the property disposed of by the will. *See* Tex.Prob.Code Ann. § 94 (Vernon 1980). In other words, after it has been probated, "a will becomes evidence of the right of the devisees and legatees to take their devises and bequests, and their title is subject to defeasance only in the event that the order probating the instrument is set aside in a subsequent suit to contest its validity." 74 Tex.Jur.3d *Wills* § 293, at 481-82 (1990) (footnotes omitted); *Hardin v. Hardin,* 66 S.W.2d 362, 363 (Tex.Civ.App.—Fort Worth 1933, no writ).

Applying these principles to the present case, we find that once Rashti died, leaving a lawful will, the property of his estate (including the Mercedes 190E) vested immediately in Tomlinson and her sister. Thus, Tomlinson and her sister became the co-owners of the Mercedes 190E immediately upon the death of their father. Although the administrator of Rashti's estate could have taken possession of the car and sold it to satisfy the debts of the estate, title to the Mercedes 190E would have remained in Tomlinson and her sister until the administrator sold the car. The fact that the administrator of the estate could have taken possession of the car and that the car could have been sold to satisfy the debts of the estate is thus irrelevant to Tomlinson's status as an owner of the car when she was involved in the accident.

Moreover, Rashti's will was probated on October 9, 1990. After Rashti's will was probated,

---

[1]This reading of the Probate Code is consistent with the reasoning of the Texas Supreme Court in *Kelley v. Marlin,* 714 S.W.2d 303 (Tex.1986). In that case, the testator left a large amount of real property to his wife. The court noted that, upon the death of the testator, title to the real estate vested immediately in the wife and that the executor's right to possess and power to sell the property of the estate did not render a later sale of some of the real estate not one made by the wife. Thus, in *Marlin,* the court confirmed that a devisee or legatee owns the property devised until it is sold by the executor.

it became effectual to prove that title of the Mercedes 190E had vested in Tomlinson and her sister. Thus, when American Economy submitted Rashti's probated will in support of its motion for summary judgment, American Economy satisfied its burden of showing that Tomlinson owned the automobile that she was driving when she had her accident.[2] Tomlinson had the opportunity to submit evidence showing that she did not own the Mercedes 190E; however, when she declined to respond to American Economy's motion for summary judgment, she failed to do so. Therefore, on the record before us, we hold that the only reasonable interpretation of the Policy is that Tomlinson owned the Mercedes 190E that she was driving when she was involved in the accident that caused her injuries.

### B. Validity of the Exclusions

Since Tomlinson owned the Mercedes 190E that she was driving when she was injured and since that car was not listed as a covered automobile on the American Economy Policy, the owned-but-unscheduled-vehicle exclusions, if enforceable, preclude Tomlinson from recovering personal injury protection and uninsured motorists coverage for the injuries that she suffered. Tomlinson argues that these exclusions are invalid restrictions of coverage that deprive her of protection that the Texas Insurance Code requires to be offered. We find no merit in Tomlinson's argument.

To dispose of Tomlinson's argument, we need look no further than the Austin court of appeals' recent decision in *Conlin v. State Farm Mut. Auto Ins. Co.,* 828 S.W.2d 332 (Tex.App.—Austin 1992, writ denied). In that case, the Austin court of appeals carefully and thoroughly discussed the enforceability of owned-but-unscheduled-vehicle exclusions and ably

---

[2]It is of no consequence that the certificate of title to the Mercedes 190E was still in Rashti's name. A certificate of title is not conclusive proof of ownership. It merely creates a presumption of ownership in the name of the person shown on the certificate. This presumption can be overcome by evidence that shows that ownership resides elsewhere. *Villa v. Alvarado State Bank,* 611 S.W.2d 483 (Tex.Civ.App.—Waco 1981, no writ); *Keller v. Judd,* 671 S.W.2d 604 (Tex.App.—San Antonio 1984, no writ). By forwarding Rashti's probated will in its summary judgment motion, American Economy satisfied its burden of coming forward with evidence that showed that Tomlinson owned the Mercedes 190E.

dismissed the argument that these exclusions necessarily violate the Texas Insurance Code.[3]

The argument that owned-but-unscheduled-vehicle exclusions necessarily violate the Texas Insurance Code is based on dicta in the Texas Supreme Court's decision in *Westchester Fire Ins. Co. v. Tucker,* 512 S.W.2d 679 (Tex.1974). In that case, which involved a scheduled automobile, the state supreme court wrote that "the policy exclusion of injuries sustained by an insured while occupying an owned but unscheduled vehicle is ineffectual to the extent that it deprives a person of coverage required by Article 5.06-1 of the Insurance Code." *Id.* at 686. Following that dicta, several courts later held that owned-but-unscheduled-vehicle exclusions were invalid. *See, e.g., Western Alliance Ins. Co. v. Dennis,* 529 S.W.2d 838 (Tex.Civ.App.—Texarkana 1975, no writ).

However, more recent state court of appeals decisions that have held that owned-but-unscheduled-vehicle exclusions do not necessarily violate the Insurance Code have been approved of by the Supreme Court of Texas. In *Holyfield v. Members Mut. Ins. Co.,* 566 S.W.2d 28 (Tex.Civ.App.—Dallas 1978), the Dallas court of civil appeals disagreed with the *Western Alliance* decision, *supra,* and held that providing coverage only for scheduled automobiles did not violate the Insurance Code. In a brief per curiam opinion, the Texas Supreme Court approved of the Dallas court of appeals' ruling in *Holyfield* and disapproved of the *Western Alliance* court's interpretation of the Insurance Code. *Holyfield v. Members Mut. Ins. Co.,* 572 S.W.2d 672, 673 (Tex.1978).

Thus, in *Conlin,* the Austin court of appeals held that owned-but-unscheduled-vehicle exclusions are valid and enforceable mechanisms that insurers can employ to ensure that they do not assume a risk that they have not contracted to assume. As the *Conlin* court explained:

> [A]n insurer is entitled to have a policy accurately reflect the risks being insured against and to charge premiums based on those risks. The public policy of this state, as embodied in

---

[3]Two provisions of the Texas Insurance Code are involved here. Article 5.06-1 requires uninsured/underinsured motorist protection to be offered to the insured on automobile liability policies issued in Texas. Article 5.06-3 similarly requires personal injury protection to be offered to the insured on automobile liability policies issued in Texas. For the purposes of this opinion, we will not distinguish between these two sections of the Insurance Code. As the *Conlin* court wrote, "[w]e see no reason why the rationale used by courts in determining the validity of an owned-but-unscheduled-vehicle exclusion should not be the same whether in the context of article 5.06-1 or article 5.06-3." *Conlin,* 828 S.W.2d at 334 n. 1.

article 5.06-1 of the Insurance Code, does not require that a person be allowed to insure and pay premiums based solely on the risks attendant to one vehicle, and then recover from the insurer for injuries sustained in or because of a different, unscheduled vehicle owned by the insurer.

*Conlin,* 828 S.W.2d at 337. Several other recent state courts of appeals have also concluded that owned-but-unscheduled-vehicle exclusions are generally valid and enforceable. *See, e.g., Texas Farmers Ins. Co. v. McKinnon,* 823 S.W.2d 345 (Tex.App.—Beaumont 1991, writ denied); *Moore v. State Farm Mut. Auto. Ins. Co.,* 792 S.W.2d 818 (Tex.App.—Houston [1st Dist.] 1990, no writ); *Berry v. Texas Farm Bureau. Mut. Ins. Co.,* 782 S.W.2d 246 (Tex.App.—Waco 1989, writ denied); *Beaupre v. Standard Fire Ins. Co.,* 736 S.W.2d 237 (Tex.App.—Corpus Christi 1987, writ denied). Thus, the current state of Texas law decisively holds that owned-but-unscheduled-vehicle exclusions are generally valid and enforceable.

In an attempt to escape the conclusion that the owned-but-unscheduled-vehicle exclusions are valid in this case, Tomlinson cites *Briones v. State Farm Mut. Auto Ins. Co.,* 790 S.W.2d 70 (Tex.App.—San Antonio 1990, writ denied). In that case, a state court of appeals held that an insured could recover benefits under the uninsured motorists provision of his insurance policy after he was injured while riding in an uninsured car provided to him by his employer. Relying on a clause in the plaintiff's insurance policy that excluded coverage for injuries that occurred in vehicles "available for the regular use of" the insured, the insurer refused to pay uninsured motorists benefits because the employer's vehicle was available for the regular use of the insured. The *Briones* court held that the exclusionary clause was invalid in that particular case because it conflicted with the purpose of article 5.06-1 of the Insurance Code—i.e., the protection of insured persons who are legally entitled to recover damages from the owner of an uninsured motor vehicle. *Id.* at 73-74.

Importantly, the insured in *Briones* was driving a vehicle provided and owned by his employer. In *Conlin,* however, the court confronted a situation, as we do here, in which the insured owned the automobile that was involved in an accident. The *Conlin* court thus distinguished *Briones* because the vehicle in *Briones* was owned by the insured's employer, not by the insured, and because the plaintiff in *Briones* "could not be expected to insure every vehicle that his employer assigned him to drive." *Conlin,* 828 S.W.2d at 336. The *Conlin* court therefore held that the

owned-but-unscheduled-vehicle exclusion was enforceable in that case. Since Tomlinson owned the car in which she was riding when she was injured, we follow the ruling of *Conlin* and hold that both of the owned-but-unscheduled-vehicle exclusions in the Policy are enforceable in this case.

## C. Motion for New Trial

Finally, Tomlinson contends that the district court erred when it denied her Rule 59(e) motion for a new trial. After reviewing the record, we cannot conclude that the district court abused its discretion when it denied this motion. *See Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167 (5th Cir.1990), *cert. denied,* --- U.S. ----, 114 S.Ct. 171, 126 L.Ed.2d 131 (1993).

## III. Conclusion

The judgment of the district court is AFFIRMED.