Mahnken v. Farmers Texas 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00145-CV







Bert Mahnken, Individually & as Representative of the Estate of Mindy Mahnken; and


Cecilia Villareal, Guardian of Verna Lisa Medina, an Incapacitated Person, Appellants



v.



Farmers Texas County Mutual Insurance Company, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. 92-05169, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING







PER CURIAM


 This appeal concerns the validity of an owned-but-unscheduled vehicle exclusion
in a policy of automobile insurance. Appellants Bert Mahnken, individually and as representative
of the estate of Mindy Mahnken, and Cecilia Villareal, guardian of Verna Lisa Medina, an
incapacitated person, sued appellee Farmers Texas County Mutual Insurance Company for breach
of contract and violation of the Insurance Code. See Tex. Ins. Code Ann. arts. 5.06--1(1),
5.06--3(a) (West 1981). On Farmers' motion, the trial court rendered summary judgment that
Mahnken and Villareal take nothing. We will affirm the trial court's judgment.



BACKGROUND


 The facts in this cause are undisputed. Farmers issued four separate car insurance
policies to Mahnken, corresponding to each of Mahnken's four vehicles. Mahnken bought
uninsured/underinsured motorist (UM/UIM) and personal injury protection (PIP) coverage under
each policy. One of Mahnken's cars, which Verna Lisa Medina was driving and in which Mindy
Mahnken was a passenger, was involved in an accident. Following the accident, Farmers paid
UIM and PIP benefits under the policy insuring the vehicle involved, but refused to pay those
benefits under the three remaining policies. Mahnken and Villareal sought payment under the
three disputed policies by the instant lawsuit.



DISCUSSION


 We note initially that the attorney for each side signed the judgment in this cause,
"approved as to form and content." Whether this manner of signing makes the judgment agreed
is not raised or discussed in the briefs. In any event, Mahnken and Villareal bring one point of
error attacking the summary judgment. As discussed below, the result in this case is dictated by
this Court's previous opinion in Conlin v. State Farm Mutual Automobile Insurance Company,
828 S.W.2d 332, 336-37 (Tex. App.--Austin 1992, writ denied).

 In their sole point of error, Mahnken and Villareal contend that the trial court's
summary judgment against them was erroneous because Farmers' owned-but-unscheduled vehicle
exclusion did not apply to their claims. The Insurance Code requires insurers to provide
UM/UIM and PIP coverage in their policies of automobile insurance. Tex. Ins. Code Ann. arts.
5.06--1(1), 5.06--3(a) (West 1981). The three insurance policies in dispute contain the following
exclusion from UIM coverage:



A. We do not provide Uninsured/Underinsured Motorists Coverage for any 
person:


 1. For bodily injury sustained while occupying, or when struck by, any
motor vehicle or trailer of any type owned by you or any family member 
which is not insured for this coverage under this policy.



The policies also contain the following exclusion from PIP coverage:



We do not provide Personal Injury Protection Coverage for any person for bodily
injury sustained:


. . . .


4. While occupying, or when struck by, any motor vehicle (other than your
covered auto) which is owned by you.



"Your covered auto" is defined by the policies to be the vehicle shown in the declarations or a
newly acquired vehicle of which Farmers receives notice. The car involved in the accident was
a "covered auto" under none of the three policies.

 The exclusions, if valid, bar Mahnken and Villareal from obtaining benefits under
the three policies that insured vehicles not involved in the accident. Mahnken and Villareal argue
that to give Farmers' exclusions effect invalidly restricts the coverage mandated by the Insurance
Code.

 This Court has recently upheld the validity of an owned-but-unscheduled vehicle
exclusion under article 5.06--1 of the Code. Conlin, 828 S.W.2d at 336-37. See also Equitable
Gen. Ins. Co. v. Williams, 620 S.W.2d 608, 611 (Tex. Civ. App.--Dallas 1981, writ ref'd n.r.e.)
(section of Insurance Code mandating PIP coverage is subject to same analysis as section
mandating UM/UIM coverage). Conlin, like the claimants here, sought UIM benefits under a
policy insuring only her car for an accident involving her daughter's car; the same insurer had
issued separate policies covering each car and had excluded recovery under Conlin's policy for
injuries sustained in an unscheduled car. Conlin, 828 S.W.2d at 332-33.

 The principle governing owned-vehicle exclusions is that an insurer is entitled to
calculate premiums based on the risks of which it is aware. Conlin, 828 S.W.2d at 336-37;
Holyfield v. Members Mut. Ins. Co., 566 S.W.2d 28, 29-30 (Tex. Civ. App.--Dallas), writ ref'd
n.r.e., 572 S.W.2d 672 (Tex. 1978). Mahnken and Villareal maintain that Farmers was aware
of the risks all four vehicles entailed because it issued policies and received premiums on each. 
Farmers, however, did not factor the risk of the car involved in the accident into the premiums
it received on the policies for the three remaining vehicles. The Insurance Code does not require
that a person be allowed to insure and pay premiums based on the risk of one vehicle and to then
recover benefits for injuries sustained in a different, unscheduled vehicle owned by the insured. 
Conlin, 828 S.W.2d at 337. We therefore overrule point one.



CONCLUSION


 Having considered and overruled the sole point of error, we affirm the judgment
of the trial court.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: April 26, 1995

Do Not Publish