TAYLOR v. BRINKMAN

[118 N.C. App. 96 (1995)]

_____

ROBBIN LYNN TAYLOR (HALL) v. THOMAS WALTER BRINKMAN

No. 9414SC435

(Filed 21 February 1995)

**Automobiles and Other Vehicles § 452 (NCI4th)— automobile accident—family purpose doctrine—separated spouse**

The trial court properly granted summary judgment for defendant in an action arising from an automobile accident where plaintiff sought to impute negligence to defendant under the family purpose doctrine where the driver of the automobile was defendant's daughter; defendant had separated from his wife and moved into an apartment; defendant's wife selected a new vehicle after the separation which was purchased with defendant's credit and with title in his name because she had no available credit in her name; his wife made the down payment, arranged for insurance coverage, took care of the maintenance and repairs, and made all payments of the car; defendant did not have keys, did not use the car, and did not know until after the accident that his daughter was driving the car on this occasion; and defendant's daughter lived with her mother and never lived with defendant or visited his apartment. Defendant's role in the acquisition of the automobile was incidental and secondary and he did not control the vehicle because he neither provided nor maintained the vehicle for his wife and children. Thus, an essential element of plaintiff's claim under the family purpose doctrine is missing.

**Am Jur 2d, Automobiles and Highway Traffic §§ 658 et seq.**

**TAYLOR v. BRINKMAN**

[118 N.C. App. 96 (1995)]

Appeal by plaintiff from judgment entered 26 January 1994 by Judge Gregory A. Weeks in Durham County Superior Court. Heard in the Court of Appeals 24 January 1995.

*Elliot, Pishko, Gelbin & Morgan, P.A., by David C. Pishko, for plaintiff-appellant.*

*Haywood, Denny, Miller, Johnson, Sessoms & Patrick, by James H. Johnson, III and Andrew T. Landauer, for defendant-appellee.*

WALKER, Judge.

Plaintiff initiated this lawsuit against defendant and his daughter, Michelle Ann Brinkman (Michelle), to recover damages for personal injuries sustained as a result of an automobile accident on 17 May 1986. Plaintiff alleged that a 1986 Pontiac, driven by Michelle, ran a stop sign and collided with the vehicle in which plaintiff was a passenger and that the accident occurred as a result of Michelle's negligence. Plaintiff sought to impute that negligence to defendant under the family purpose doctrine.

Michelle asserted the affirmative defense of the statute of limitations and moved for summary judgment, which was granted by the Durham County Superior Court. On appeal, this Court affirmed that judgment. *Taylor v. Brinkman,* 108 N.C. App. 767, 425 S.E.2d 429, *disc. rev. denied,* 333 N.C. 795, 431 S.E.2d 30 (1993).

Defendant filed an answer admitting that Michelle was operating a 1986 Pontiac automobile with his consent and that title to this vehicle was registered in his name, but he denied that he was liable to plaintiff under the family purpose doctrine. Defendant subsequently moved for summary judgment and submitted his deposition in support of his motion. At the summary judgment hearing, plaintiff offered no materials in opposition to defendant's motion. The trial court granted summary judgment for defendant.

Rule 56 of the North Carolina Rules of Civil Procedure provides that summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56 (c) (1994). The moving party has the burden of establishing the lack of any triable issue. *Roumillat v.*

*Simplistic Enterprises, Inc.*, 331 N.C. 57, 62-63, 414 S.E.2d 339, 341-42 (1992).

The family purpose doctrine has been summarized as follows:

> Under the family purpose doctrine, the owner or person with ultimate control over a vehicle is held liable for the negligent operation of that vehicle by a member of his household. In order to recover under the doctrine, a plaintiff must show that (1) the operator was a member of the family or household of the owner or person with control and was living in such person's home; (2) that the vehicle was owned, provided and maintained for the general use, pleasure and convenience of the family; and (3) that the vehicle was being so used with the express or implied consent of the owner or person in control at the time of the accident.

*Byrne v. Bordeaux*, 85 N.C. App. 262, 264-65, 354 S.E.2d 277, 279 (1987).

This case requires us to apply the family purpose doctrine to a situation involving separated spouses. This Court has held that the family purpose doctrine can be extended to only one family member and that in determining which family member is liable under the doctrine, the issue is one of control and use of the vehicle. *Camp v. Camp*, 89 N.C. App. 347, 349, 365 S.E.2d 675, 676 (1988). In deciding who has control of a vehicle, ownership is not conclusive. Rather, the central inquiry is "who maintains or provides the automobile for the use by the family. That person is the party in 'control' of the vehicle." *Id.* at 349, 365 S.E.2d at 677 (citations omitted). Thus, the question in the instant case is whether defendant "maintained and provided" the 1986 Pontiac for his family's use and was therefore "in control."

Defendant's deposition revealed the following undisputed facts. At the time of Michelle's accident, defendant had separated from his wife, Norma, and had moved out of the family home into an apartment. Michelle continued to reside with Norma and never lived with defendant or visited his apartment. Sometime after the parties separated, Norma needed a new vehicle, and she selected the 1986 Pontiac. Because she had no available credit in her name, defendant's credit was used to purchase the car and title was registered in his name. Norma made the down payment, arranged for insurance coverage, took care of the maintenance and repairs, and made all payments on the car. Defendant did not have keys nor did he ever use the car. He did not know until after the accident that Michelle was driving the car on this occasion.

TAYLOR v. BRINKMAN

[118 N.C. App. 96 (1995)]

The first test to be met in order for plaintiff to recover under the family purpose doctrine is that "the operator was a member of the family or household of the owner or person with control and was living in such person's home." *Byrne, supra,* at 264-65, 354 S.E.2d at 279. We hold that these undisputed facts are insufficient to establish that defendant had control of the 1986 Pontiac.

We are guided by the decision in *Smith v. Simpson,* 260 N.C. 601, 133 S.E.2d 474 (1963). In that case, 18-year-old Wayne Simpson traded in an old car registered in his name and negotiated the purchase of a new car. Wayne made the down payment on the car from his own funds. Because Wayne was a minor, his father, Eddie, facilitated Wayne's purchase by executing the note and conditional sales contract on the car. Eddie took title to the car and procured the insurance, but Wayne made all of the car and insurance payments. Eddie neither drove the car nor had the keys to it. Wayne bought the gas and oil for the car and took care of repairs and maintenance. *Id.* at 604, 133 S.E.2d at 477. After Wayne was involved in an accident, the plaintiff sought to hold Eddie liable for damages under the family purpose doctrine. The Court said that Wayne was clearly the "owner" of the car, because he alone maintained, controlled, and used the car. The issue was whether Eddie provided the car and had the right to control it. *Id.* at 609-10, 133 S.E.2d at 481. The Court held that Eddie did not "provide" the car:

> Mr. Simpson did not pay one cent of the purchase and maintenance of the car. What he *provided* was credit. . . . Mr. Simpson did not provide the automobile. His part in the transaction was only incidental and secondary. His acts amounted to an accommodation, an extension of credit. . . .

*Id.* at 610-11, 133 S.E.2d at 481-82. *Accord, Dupree v. Batts,* 276 N.C. 68, 170 S.E.2d 918 (1969) (mother who took title to car in order to help son obtain loan but did not pay for, drive, or maintain car was not liable under family purpose doctrine).

In the instant case, defendant's role in the acquisition of the 1986 Pontiac was "incidental and secondary." Because he neither provided nor maintained the vehicle for his wife and children, he did not control the vehicle. Thus, an essential element of plaintiff's claim against defendant is missing. For this reason, we affirm the trial court's grant of summary judgment in favor of defendant.

Affirmed.

Judges EAGLES and GREENE concur.