**HAIGHT v. TRAVELERS/AETNA PROPERTY CASUALTY CORP.**

[132 N.C. App. 673 (1999)]

SONDRA A. HAIGHT AND JIMMIE F. MILLS, ADMINISTRATOR OF THE ESTATE OF JAMES
ROBERT SCOTT HAIGHT, DECEASED, PLAINTIFFS v. TRAVELERS/AETNA PROP-
ERTY CASUALTY CORPORATION, STATE AUTO INSURANCE COMPANIES AND
CHARLES WESTON HOLLEMAN, DEFENDANTS

No. COA98-686

(Filed 6 April 1999)

**1. Insurance— automobile—liability—definition of persons
insured**

> The trial court erred in a declaratory judgment action arising
> from an automobile accident by applying the definition of "per-
> sons insured" in N.C.G.S. § 20-279.21(b)(3) to the liability portion
> of the Financial Responsibility Act, N.C.G.S. § 20-279.21(b)(2),
> because the persons insured under a vehicle liability policy are
> expressly set out in (b)(2). Furthermore, applying the (b)(3) def-
> inition could bring about the absurd result of requiring motor
> vehicle liability coverage for nondrivers.

**2. Insurance— automobile—exclusion—vehicle oriented**

> A family member owned vehicle exclusion to an automobile
> liability policy was valid under the Financial Responsibility Act. A
> distinction has consistently been recognized between UM/UIM,
> which is person oriented, and liability, which is vehicle oriented;
> the exclusion here is vehicle oriented in that it limits coverage to
> personal injury or property damage arising out of the ownership,
> maintenance, or use of the covered vehicle and it is not at odds
> with the scheme behind the Financial Responsibility Act. *Cartner
> v. Nationwide Mutual Fire Ins. Co.*, 123 N.C.App. 251, is not con-
> trolling because its exclusion was person oriented.

Appeal by defendants from judgment entered 30 April 1998 by
Judge Beverly T. Beal in Mecklenburg County Superior Court. Heard
in the Court of Appeals 27 January 1999.

*Weaver, Bennett & Bland, P.A., by Michael David Bland and
Christopher M. Vann, for plaintiffs-appellees.*

*Crews & Klein, P.C., by James P. Crews, and Womble Carlyle
Sandridge & Rice, A Professional Limited Liability Company,
by Richard T. Rice and Alison R. Bost, for defendants-
appellants.*

TIMMONS-GOODSON, Judge.

Travelers/Aetna Property Casualty Corporation ("Travelers") and State Auto Insurance Companies ("State Auto") (collectively, "defendants") appeal from a declaratory judgment in favor of Sondra A. Haight ("Haight") and Jimmie F. Mills, Administrator of the Estate of James Robert Scott Haight ("Robert"), (collectively, "plaintiffs"). In the judgment, the trial court ruled that an insurance provision excluding liability coverage for a vehicle owned by a relative residing with the named insured was invalid under the North Carolina Vehicle Safety and Financial Responsibility Act ("Financial Responsibility Act"), North Carolina General Statutes section 20-279.1, *et seq*. After carefully considering the issues raised by this appeal, we conclude that the trial judge erred in declaring that the challenged exclusion was void.

The relevant factual and procedural background is as follows: On 7 July 1997, an automobile owned and operated by Charles Weston Holleman ("Holleman") collided with an automobile driven by Haight and occupied by her minor son, Robert. Robert was killed in the accident and Haight sustained serious bodily injuries. At the time of the collision, Holleman resided with three family members: James, Mary Catherine, and Curtis. Holleman and each family member had separate personal automobile insurance policies that provided liability coverage in the amount of $100,000 per person/$300,000 per accident. Holleman, James, and Mary Catherine were insured by Travelers, and Curtis was insured by State Auto. Each of the individual policies contained a "family member-owned vehicle" exclusion denying liability coverage for the "ownership, maintenance, or use" of a vehicle owned by a family member.

Plaintiffs filed a claim under all four policies, seeking compensation for wrongful death and personal injuries arising out of the 7 July 1997 automobile collision. Relying on the exclusion contained within each policy, Travelers and State Auto denied plaintiffs' claims with respect to the policies held by James, Mary Catherine, and Curtis. Plaintiffs filed an action requesting a declaratory judgment determining the validity of the "family member-owned vehicle exclusion." Plaintiffs alleged that the exclusion was void because it violated the public policy inherent in the Financial Responsibility Act. Following a hearing on the matter, the trial court entered a judgment declaring that the exclusion was invalid, in that it denied the required coverage to "persons insured," as that term is defined in section

## HAIGHT v. TRAVELERS/AETNA PROPERTY CASUALTY CORP.

[132 N.C. App. 673 (1999)]

20-279.21(b)(3) of the General Statutes. Citing this Court's decision in *Cartner v. Nationwide Mutual Fire Ins. Co.*, 123 N.C. App. 251, 472 S.E.2d 389 (1996), the trial court concluded that the individual policies held by James, Mary Catherine, and Curtis covered the claims asserted by plaintiffs for wrongful death and personal injuries arising out of the 7 July 1997 accident. From this judgment, defendants appeal.

_____

The questions presented by this appeal are: (1) whether the term "persons insured," as defined in section 20-279.21(b)(3) of the General Statutes, should be read into the liability clause of the Financial Responsibility Act; (2) whether under North Carolina law, a "family member-owned vehicle" exclusion is valid in the context of liability insurance; and (3) whether this Court's decision in *Cartner*, 123 N.C. App. 251, 472 S.E.2d 389, controls the outcome of the instant case. We will examine each question in turn.

[1] Defendants contend that the term "persons insured," defined in section 20-279.21(b)(3), does not apply to the liability provision of the Financial Responsibility Act (section 20-279.21(b)(2)), because (1) the term does not appear in the liability provision; (2) the liability provision explicitly lists those persons for whom liability coverage is required; and (3) the legislature could not have intended to require liability insurance for all persons included in the definition of "persons insured." Based on well-settled principles of statutory construction, we agree.

As a rule of construction, it is fundamental that the intent of the legislature controls in determining the meaning of a statute. *Nationwide Mutual Ins. Co. v. Mabe*, 342 N.C. 482, 467 S.E.2d 34 (1996). Legislative intent may be determined from the language of the statute, the purpose of the statute, " 'and the consequences which would follow [from] its construction one way or the other.' " *Id.* at 494, 467 S.E.2d at 41 (quoting *Sutton v. Aetna Cas. & Sur. Co.*, 325 N.C. 259, 265, 382 S.E.2d 759, 763 (1989)). Nonetheless, if a statute is facially clear and unambiguous, leaving no room for interpretation, the courts will enforce the statute as written. *Bowers v. City of High Point*, 339 N.C. 413, 419-20, 451 S.E.2d 284, 289 (1994) (citing *Peele v. Finch*, 284 N.C. 375, 382, 200 S.E.2d 635, 640 (1973)).

The focus of our analysis is the definition contained in section 20-279.21(b)(3), the uninsured motorist (UM) provision of the Financial Responsibility Act, which pertinently provides that:

> For purposes of this section "persons insured" means the named insured and, while resident of the same household, the spouse of any named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies and a guest in the motor vehicle to which the policy applies or the personal representative of any of the above or any other person or persons in lawful possession of the motor vehicle.

N.C. Gen. Stat. § 20-279.21(b)(3) (Cum. Supp. 1997). Our courts have acknowledged the application of this definition to the underinsured (UIM) provision of the Financial Responsibility Act (section 20-279.21(b)(4)). *See, e.g., Mabe*, 342 N.C. 482, 467 S.E.2d 34 (distinguishing between two classes of "persons insured" for purposes of UIM coverage). Plaintiffs contend, and the trial court agreed, that the definition of "persons insured" should also be read into the liability provision of the Act. It is significant, however, that unlike the section pertaining to liability insurance, the UIM section specifically states that "[t]he provisions of subdivision (3) of this subsection shall apply to the coverage required by this subdivision." N.C.G.S. § 20-279.21(b)(4). Thus, the legislature's intent to provide UIM coverage to those individuals described as "persons insured" in subdivision (b)(3) is apparent from the language of section 20-279.21(b)(4). Such intent is not expressed in the liability provision of the Act, and, indeed, we have found no cases holding that the definition of "persons insured" applies to the mandate regarding liability coverage.

The intent of the legislature regarding those persons for whom liability coverage is required appears in the liability provision itself. Section 20-279.21(b)(2) of the General Statutes states that a "motor vehicle liability policy":

> Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, or any other persons in lawful possession, against loss from the liability imposed by law for damages arising out of the ownership maintenance or use of such motor vehicle or motor vehicles[.]

N.C.G.S. § 20-279.21(b)(2). The language of the provision is explicit. Liability insurance shall cover the named insured and any other person in lawful possession of the insured vehicle "for damages arising out of the ownership maintenance or use of such motor vehicle."

Therefore, we need not look to the definition of "persons insured" provided in subsection (b)(3) for an understanding of which persons are entitled to liability insurance coverage under the Financial Responsibility Act. Because the persons insured under a vehicle liability policy are expressly set out in section 20-279.21(b)(2), we conclude that the definition of "persons insured" in subsection (b)(3) does not apply to liability insurance coverage.

Furthermore, we note that our courts, "will, whenever possible, interpret a statute so as to avoid absurd consequences." *Insurance Co. v. Chantos*, 293 N.C. 431, 440, 238 S.E.2d 597, 603 (1977). Applying the subsection (b)(3) definition of "persons insured" to the liability provision of the Financial Responsibility Act would require all liability policies to insure guests riding in the insured vehicle and pedestrians, i.e., the named insured and "resident relatives" who are not driving or riding in any vehicle. Unquestionably, these individuals would have no need for motor vehicle liability insurance, since they would not be operating an automobile. We do not believe that the legislature intended to require motor vehicle liability insurance for non-drivers, and such a reading would bring about "absurd consequences." Therefore, we hold that the trial court's construction of the term "persons insured," as it relates to liability insurance coverage, was error.

[2] Next, we examine whether the exclusion challenged in the present case is valid under the Financial Responsibility Act. The personal automobile policies issued by Travelers and State Auto to James, Mary Catherine, and Curtis Holleman contain the following relevant provisions:

INSURING AGREEMENT

We will pay damages for bodily injury or property damage for which any insured becomes legally responsible because of an automobile accident. . . .

"Insured" as used in this Part means:

1. You or any family member for the ownership, maintenance or use of any auto[.]

2. Any person using your covered auto.

3. For your covered auto, any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.

4. For any auto . . ., other than your covered auto, any person or organization but only with respect to legal responsibility for acts or omissions of you or any family member for whom coverage is afforded under this Part. This provision applies only if the person or organization does not own or hire the auto[.]

. . .

EXCLUSIONS

. . .

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

. . .

2. Any vehicle, other than your covered auto, which is:

a. owned by any family member[.]

The above exclusion purports to deny liability coverage for bodily injury or property damage arising out of an automobile accident involving a vehicle owned by a family member. Thus, under the policy terms, the automobile owned and operated by Holleman when the accident took place, was not covered under the liability provisions of the policies held by James, Mary Catherine, and Curtis. The question then becomes whether such an exclusion—a family member-owned vehicle exclusion—as to liability insurance is repugnant to the purpose of the Financial Responsibility Act. We hold that it is not.

The Financial Responsibility Act is a remedial statute and the underlying purpose is the protection of innocent victims who have been injured by financially irresponsible motorists. *Hartford Underwriters Ins. Co. v. Becks*, 123 N.C. App. 489, 473 S.E.2d 427 (1996), *disc. review denied and cert. denied*, 345 N.C. 641, 483 S.E.2d 708 (1997). As our Supreme Court stated in *Mabe*, 342 N.C. 482, 467 S.E.2d 34,

"The victim's rights against the insurer are not derived through the insured, as in the case of voluntary insurance. Such rights are statutory and become absolute upon the occurrence of injury or damage inflicted by the named insured, by one driving with his permission, or by one driving while in lawful possession of the named insured's car, regardless of whether or not the nature or

circumstances of the injury are covered by the contractual terms of the policy. The provisions of the Financial Responsibility Act are 'written' into every automobile policy as a matter of law, and, when the terms of the policy conflict with the statute, the provisions of the statute will prevail.

*Id.* at 493-94, 467 S.E.2d at 41 (quoting *Chantos*, 293 N.C. at 441, 238 S.E.2d at 604.

In applying the Financial Responsibility Act, our courts have consistently recognized a distinction between UM/UIM and liability insurance. Our Supreme Court has said that while UM/UIM insurance is person-oriented in nature, liability insurance is vehicle-oriented. *Mabe*, 342 N.C. 482, 467 S.E.2d 34; *Harris v. Nationwide Mut. Ins. Co.*, 332 N.C. 184, 420 S.E.2d 124 (1992); *Bass v. N.C. Farm Bureau Mut. Ins. Co.*, 332 N.C. 109, 418 S.E.2d 221 (1992). Mindful of this distinction, we note that the "family member-owned vehicle" exclusion is a vehicle-oriented exclusion, in that it limits liability coverage to personal injury or property damage arising out of the ownership, maintenance or use of the covered vehicle. As such, the exclusion contained in the policies held by James, Mary Catherine, and Curtis is not at odds with the scheme behind the Financial Responsibility Act, and we see no reason to invalidate the exclusion as repugnant to the Act. To so hold "would abrogate the distinctions between [vehicle-oriented] liability coverage and [person-oriented] UM/UIM coverage." *Nationwide Mutual Ins. Co. v. Mabe*, 115 N.C. App. 193, 206, 444 S.E.2d 664, 672 (1994), *aff'd*, 342 N.C. 482, 467 S.E.2d 34 (1996).

The trial court, in voiding the exclusion, relied, in part, on our Supreme Court's holdings in *Bray v. N.C. Farm Bureau Mut. Ins. Co.*, 341 N.C. 678, 462 S.E.2d 650 (1995), and *Mabe*, 342 N.C. 482, 467 S.E.2d 34. In *Bray*, the Court considered whether a "family member/household-owned vehicle" exclusion for UM coverage was hostile to the purpose of UM/UIM coverage under the Financial Responsibility Act. The exclusion at issue "purpor[ted] to take coverage away from a 'family member' who sustains bodily injury while 'occupying' or when struck by any vehicle that is not a covered 'auto' and is owned by the individual insured or any 'family member' of the insured." *Bray*, 341 N.C. at 682, 462 S.E.2d at 652. The Court, acknowledging the distinction between liability and UM/UIM insurance, concluded that the vehicle-based exclusion contravened the purpose of the person-based statutory scheme for UM/UIM coverage and, thus, was void as against public policy.

Similarly, in *Mabe*, the Court addressed the issue of whether an "owned vehicle exclusion" for UIM coverage violated the Financial Responsibility Act with regard to UM/UIM insurance. The relevant exclusion endeavored to withhold UIM coverage from a family member injured while in a family member/household-owned vehicle not listed in the policy. Citing its decision in *Bray*, the Court held that the exclusion was inconsistent with the legislative intent of the Financial Responsibility Act. In rendering this decision, the Court noted the remedial purpose of UM/UIM coverage and recognized the difference between person-oriented UM/UIM insurance and vehicle-oriented liability insurance.

The trial court's reliance on *Bray* and *Mabe* is misplaced, because the decisions are inapposite to the instant case. Both cases deal with a vehicle-based exclusion in the context of UM/UIM coverage, and in both cases, the Court found that the exclusion was contrary to the person-oriented statutory scheme. Here, although the exclusion in question is also vehicle-based, it applies to liability insurance, which our courts have recognized as vehicle-oriented for purposes of the Financial Responsibility Act. *See Mabe*, 342 N.C. 482, 467 S.E.2d 34; *Harris*, 332 N.C. 184, 420 S.E.2d 124; *Bass*, 332 N.C. 109, 418 S.E.2d 221. Thus, *Bray* and *Mabe* do not apply, and the "family member-owned vehicle" exclusion at issue in the case *sub judice* comports with the legislative policy behind the Financial Responsibility Act.

Lastly, we consider whether this Court's holding in *Cartner*, 123 N.C. App. 251, 472 S.E.2d 389, is controlling on the facts of the instant case. Defendant argues that the trial court erroneously relied on *Cartner* as precedent for invalidating the "family member-owned vehicle" exclusion contained in the policies of James, Mary Catherine, and Curtis. Defendant contends that because *Cartner* dealt with a different exclusion, it has no bearing on the present case. We agree.

In *Cartner*, the plaintiff's decedent was killed when her husband, the driver of an automobile in which she was a passenger, lost control of the vehicle on a rural road in Haywood County. At the time of the accident, the vehicle was covered by a personal motor vehicle liability policy issued to the decedent and her husband. The liability section of the policy "contained a provision excluding coverage for bodily injury to any insured or any member of an insured's family residing in the insured's household." *Id.* at 252-53, 472 S.E.2d at 390. Although

the policy was issued in Florida, it included a conformity provision stating that the policy would be adjusted to include "the limits *and kinds of coverage* required of non-residents by any compulsory motor vehicle law or similar law of a state or province other than Florida." *Id.* at 252, 472 S.E.2d at 390. The plaintiff filed an action for a declaratory judgment holding the insurer liable for the fatal injuries sustained by the decedent in the accident. On appeal from a judgment in favor of the plaintiffs, this Court concluded that the "family member exclusion" was unenforceable to bar liability coverage for the bodily injuries to plaintiff's decedent. Articulating the basis for our decision, we said that:

> Following the rationale of *Bray* and *Mabe*, we are of the opinion that where, as here, a person is injured through the negligence of an insured family member while riding with that family member in an insured vehicle, North Carolina's Financial Responsibility Act prevents the operation of a family member exclusion in the policy's liability section to bar coverage. To reach any other result would be to deny plaintiff's decedent a means of recovering under the Policy for her injuries caused by her husband's negligence. We do not think North Carolina's legislature intended to sanction such a result. Therefore, as the trial court found, liability coverage for insured persons injured through the negligence of a family member while riding in an insured vehicle is a "kind of coverage" required by North Carolina's Financial Responsibility Act.

*Id.* at 255, 472 S.E.2d at 391.

In *Cartner*, the vehicle involved in the accident was covered under the policy in question, but the exclusion purported to deny liability coverage for personal injuries sustained by the insured and/or his family members. As such, the exclusion was person-oriented. However, as previously stated, the exclusion contained in the personal automobile insurance policies held by James, Mary Catherine, and Curtis Holleman denies liability coverage to vehicles owned by family members, and thus, is vehicle-oriented. Therefore, the rationale behind the *Cartner* decision does not apply to the facts of the instant case. Moreover, the exclusion at issue in the instant case does not operate to deny plaintiffs a means of recovering for the injuries caused by Holleman's negligence. Such injuries are covered by the policy insuring Holleman's personal automobile, and if the amount of coverage is insufficient to fully compensate plaintiffs, the UIM insur-

ROMIG v. JEFFERSON-PILOT LIFE INS. CO.

[132 N.C. App. 682 (1999)]

ance covering the vehicle driven by Haight would provide plaintiffs additional compensation. Accordingly, we hold that *Cartner* does not control the present set of facts, and the "family member-owned vehicle" exclusion in the liability section of the policies issued to James, Mary Catherine, and Curtis Holleman are valid and enforceable under the Financial Responsibility Act.

For the reasons articulated above, we reverse the judgment of the trial court and remand this matter for entry of a judgment consistent with this opinion.

Reversed and Remanded.

Judges LEWIS and WALKER concur.