WILLIE B. TART, Plaintiff v. JAMES L. MARTIN and PEGGY H. MARTIN, Defendants

No. COA99-401

(Filed 4 April 2000)

**1. Motor Vehicles— family purpose doctrine—ownership of vehicle**

Summary judgment was properly granted for defendants in an automobile accident case involving their son where plaintiff alleged that the Martins were liable under the family purpose doctrine but Ms. Martin's name did not appear on the certificate of title for the automobile driven by her son and there was no document supporting a contention that she was an owner; and although the automobile was titled in Mr. Martin's name, Mr. Martin did little more than extend credit to his son by providing him with the purchase price of the car and allowing him to repay it over time. The Martins' son had actual, exclusive control of the car.

**2. Motor Vehicles— negligent entrustment—knowledge of recklessness**

The trial court erred by granting summary judgment for defendants on a negligent entrustment claim arising from an automobile accident involving their son where his three accidents over a two-year period, coupled with a high-speed moving violation during the same period, constitutes sufficient evidence of recklessness to require submission of the negligent entrustment claim to the jury. The Martins' statements that they had no knowledge of their son's recklessness other than a 1993 moving violation does not resolve the issue of whether they should have known.

Appeal by plaintiff from judgment entered 10 February 1999 by Judge Catherine C. Eagles in Guilford County Superior Court. Heard in the Court of Appeals on 10 January 2000.

This appeal arises out of an automobile accident between plaintiff-appellant Willie B. Tart (Tart) and the nineteen-year-old son of defendant-appellees James and Peggy Martin (the Martins). The undisputed facts are that on 6 October 1996, the Martins' son drove a 1984 Ford (the Ford) through a stop sign and collided with a vehicle driven by Tart. The Martins' son was killed and Tart was injured. Tart filed this claim alleging that the Martins were liable for their son's negligence under the family purpose doctrine and/or the theory of negligent entrustment.

The Martins admitted that the Ford was titled in James Martin's name and that their son resided at the Martins' home, but submitted affidavits stating that neither of them had ever operated the Ford on or before 6 October and that they purchased the Ford for their son because he was a minor at the time of purchase and therefore "unable to contract." The Martins also submitted affidavit testimony that their son was making regular payments to his father to reimburse him for the purchase of the Ford, and that their son kept the Ford for his own pleasure and convenience, paid all repair, maintenance, insurance and operations costs, and retained possession of all sets of keys to the vehicle.

In their affidavits, the Martins admitted prior knowledge of their son's 1993 plea to charges of driving 50 mph in a 35 mph zone (reduced from a charge of 75 in a 35). In addition, the Martins acknowledged in their answers to interrogatories that their son had

TART v. MARTIN

[137 N.C. App. 371 (2000)]

been involved, but not at fault, in three automobile accidents between 15 March 1993 and 27 November 1994. Specifically, the Martins' affidavits opined that the accidents were caused by (1) the driver of a truck running a stop sign and colliding with their son, (2) their son's efforts to avoid a collision with a car which suddenly stopped in front of him by swerving into a ditch and (3) the failure of a motorcyclist to turn on his lights or signals prior to colliding with their son on a dark, rainy night.

We note that Mrs. Martin's name is not on the vehicle's certificate of title and there is no allegation that she owned the vehicle in any document submitted to the trial court.

*Schlosser, Neill & Brackett, by Wilbur L. Linton, Jr., for plaintiff-appellant.*

*Teague, Rotenstreich & Stanaland, L.L.P., by Kenneth B. Rotenstreich and Ian J. Drake, for defendant-appellees.*

EAGLES, Chief Judge.

Summary judgment is proper if the pleadings, depositions, admissions and affidavits show that there is no genuine issue as to any material fact and that a party is entitled to judgment as a matter of law. N.C.R.Civ.P. 56(c). On motion for summary judgment, the court must closely scrutinize the papers of the party moving for summary judgment, drawing all inferences from proof in favor of the nonmovant. Shuford, N.C.Practice and Procedure, § 56-5 (5th ed. 1998 & Supp).

[1] We therefore must decide whether a material issue of fact remains as to whether the Martins are the "owners" of the Ford for purposes of either theory of liability alleged by Tart.

Because Mrs. Martin's name does not appear on the certificate of title and there appears no document supporting a contention that Mrs. Martin was an owner, we affirm summary judgment as to her.

In order to "afford greater protection for the rapidly growing number of motorists in the United States," the family purpose doctrine may be used to *indirectly* hold a vehicle owner liable for the negligent driving of the vehicle by a member of the owner's household. *Williams v. Wachovia Bank and Trust Co.*, 292 N.C. 416, 420, 233 S.E.2d 589, 592 (1977), citing *Grindstaff v. Watts*, 254 N.C. 568, 119 S.E.2d 784 (1961). However, a vehicle owner's liability under the

doctrine is limited. In *Taylor v. Brinkman*, 118 N.C.App. 96, 453 S.E.2d 560 (1995) (affirming summary judgment in favor of alleged owner under the family purpose doctrine), we held that "the owner or person with ultimate control over the vehicle" may be held liable only if the plaintiff shows that

> (1) the operator was a member of the family or household of the owner or person with control and was living in such person's home; (2) that the vehicle was owned, provided and maintained for the general use, pleasure and convenience of the family; and (3) that the vehicle was being so used with the express or implied consent of the owner or person in control at the time of the accident.

*Taylor* at *98*, 453 S.E.2d at 562, citing *Byrne v. Bordeaux*, 85 N.C. App. 262, 264-65, 354 S.E.2d 277, 279 (1987).

As in *Taylor*, the issue here was whether Mr. Martin, a parent, "provided" the Ford to his son. We held in *Taylor* that to prove that a parent "provided" a vehicle to his child, the plaintiff must show that the parent had *actual control* of the vehicle at the time of their child's negligent act:

> [I]n determining which family member is liable under the [family purpose] doctrine, the issue is one of control and use of the vehicle. *In deciding who has control of a vehicle, ownership is not conclusive.* Rather, the central inquiry is "who maintains or provides the automobile for the use by the family."

*Id.* at 98, 453 S.E.2d at 562 (citations omitted; emphasis added). Relevant "control" factors set out in *Taylor* include a parent's payment or repayment of the purchase price; payment of insurance premiums, repairs or operating expenses; possession of vehicle keys; and actually driving the vehicle. *Id.* at 98-99, 453 S.E. 2d at 562-3, citing *Dupree v. Batts*, 276 N.C. 68, 170 S.E.2d 918 (1969) and *Smith v. Simpson*, 260 N.C. 601, 133 S.E.2d 474 (1963).

As in *Taylor*, we conclude that Mr. Martin did little more than extend credit to his son by providing him with the purchase price of the Ford and allowing him to repay the Martins over time. *Id.*, citing *Smith* at 610-11, 133 S.E.2d at 481-82. The Martins' remaining, undisputed affidavit testimony conclusively shows that it was the Martin's son, and not the Martins, who had actual, exclusive control of the Ford after its purchase. Accordingly, we hold that the trial court properly granted summary judgment for the Martins under the family pur-

pose doctrine. We note that because we affirm summary judgment for the Martins under the family purpose doctrine, we need not address the Martins' equitable ownership defense under G.S. § 20-279.1, *et seq.* (Motor Vehicle and Financial Responsibility Act of 1953) and *Ohio Casualty Insurance Co. v. Anderson*, 59 N.C. App. 621, 298 S.E.2d 56 (1982).

[2] Negligent entrustment occurs when the owner of an automobile "entrusts its operation to a person whom he knows, or by the exercise of due care should have known, to be an incompetent or reckless driver, . . . likely to cause injury to others." *Coble v. Knight*, 130 N.C. App. 652, 653, 503 S.E.2d 703, 704 (1998); *Swicegood v. Cooper*, 341 N.C. 178, 459 S.E.2d 206 (1995) (reversing summary judgment on negligent entrustment claim where evidence showed that defendant father knew of two of nine prior traffic offenses committed by his son).

Like the family purpose doctrine, the theory of negligent entrustment "undertakes to impose liability on an owner not otherwise responsible for the conduct of the driver of the vehicle". *Coble* at 653, 503 S.E.2d at 704. Unlike the family purpose doctrine, however, *direct* liability for negligent entrustment may be imposed where the plaintiff offers evidence of a defendant's record ownership (and not actual control) of a vehicle. *Id.* at 654, 503 S.E.2d at 704 (negligent entrustment requires "proof of ownership"). Therefore, the Martins may be held liable by virtue of holding title to their son's Ford, but only if their son's prior driving conduct put the Martins on notice of his recklessness.

The key issue is whether evidence of the Martins' son's single 1993 moving violation and his three accidents in 1993 and 1994 creates a material issue of fact as to whether the Martins knew or should have known that their son was an unsafe driver. We hold that it does, and reverse the trial court.

The Martins' statements (in their answers to interrogatories and sworn affidavits) that they had no knowledge of their son's recklessness other than his 1993 moving violation does not conclusively resolve the issue of whether the Martins reasonably *should have known* that their son was a reckless driver. Viewing the evidence in the light most favorable to Tart, we hold that the Martins' son's three accidents over a two-year period, coupled with his high-speed moving violation during the same time period (a guilty plea to driving 50 mph in a 35 mph zone, arising out of a citation for driving at speeds in

excess of 70 mph), constitutes sufficient evidence of recklessness to require submission of the negligent entrustment claim to the jury. We therefore reverse summary judgment as to negligent entrustment.

The trial court's order of summary judgment is

Affirmed in part and reversed in part.

Judges WALKER and WYNN concur.