**Alejandro ARMENDARIZ and Alma Armendariz, Appellants,**

v.

**PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, Appellee.**

No. 14–01–01167–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 24, 2003.

Mark A. Salvato, Houston, Raymond F. Burgert, Bellaire, for appellants.

Wayne Adams, Houston, for appellees.

Panel consists of Justices ANDERSON, SEYMORE, and GUZMAN.

## OPINION

CHARLES W. SEYMORE, Justice.

Appellants, Alejandro and Alma Armendariz, appeal from cross-motions for summary judgment granted in favor of Progressive County Mutual Insurance Company, appellee. In two issues, they contend that Progressive owed Alma the duty to defend and indemnify her in a wrongful death lawsuit filed by Alma's mother. Finding that Progressive's insurance policy does not obligate it to defend or indemnify Alma, we affirm the trial court's judgment.

## BACKGROUND

The Progressive automobile insurance policy in this case covered two cars, one owned by Alejandro and the other owned by his sister, Alma. Alejandro was the named insured on the policy. Additionally, Alejandro's parents, who lived with him, and Alma were named as "listed drivers" on the policy. When Alejandro first purchased insurance from Progressive, the policy also covered his parents' van. However, Alejandro deleted the van from the policy because his parents wanted to sell it. Four months later, while driving her parents' then uninsured van, Alma accidently backed over and killed her father. Alma's mother then sued Alma for the father's wrongful death.

Contending that the van was not a covered auto and Alma was not an insured, Progressive filed a declaratory judgment action to determine whether it owed a duty to defend and indemnify Alma in the underlying wrongful death suit. It sought summary judgment based on exclusionary language in the policy as follows: "We do not provide liability coverage for the ownership, maintenance, or use of any vehicle other than your covered auto which is owned by a family member or furnished or available for the regular use of any family member." The Armendarizes filed a cross-motion for summary judgment. The trial court granted summary judgment to Progressive and denied the Armendarizes' motion. In two issues, the Armendarizes appeal the trial court's denial of their summary judgment motion and the summary judgment granted to Progressive.

## STANDARD OF REVIEW

 We review a traditional summary judgment to determine whether the record establishes there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law on a ground set forth in the motion. TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). In deciding whether the summary judgment record establishes the absence of a genuine issue of material fact, we view as true all evidence favorable to the non-movant and indulge every reasonable inference, and resolve all doubts, in its favor. *Nixon*, 690 S.W.2d at 548–49. When both sides move for summary judgment and the trial court grants one motion and denies the other, we review both sides' summary judgment evidence and determine all questions presented. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex.2000); *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988). When reviewing cross-motions for summary judgment, we may render the judgment that the trial court should have rendered. *FM Props. Operating Co.*, 22 S.W.3d at 872; *Williamson v. State Farm Lloyds*, 76 S.W.3d 64, 67 (Tex.App.-Houston [14th Dist.] 2002, no pet.).

## ANALYSIS

 The Armendarizes contend that the exclusion at issue violates public policy and the Texas Motor Vehicle Safety Responsibility Act. There are two pertinent portions of the Progressive policy in this case. The first is the exclusion at issue:

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

. . .

3. I. Any vehicle, other than your covered auto, which is:

a. owned by any family member, or

b. furnished or available for the regular use of any family member.

II. However, this exclusion (B.3) does not apply to [the insured's] maintenance or use of any vehicle which is:

a. owned by a family member. . . .

The second pertinent portion of the policy is the definition of "family member": "a person who is a resident of [the insured's] household and related to [the insured] by blood, marriage or adoption." In this case, Alejandro's parents, who lived with him, owned the van. Further, the van was no longer a covered auto under the policy. Lastly, Alma was not an insured under the Progressive policy, but merely a listed driver for the two covered autos. Because Alma caused the accident while driving her father's uninsured van, the exclusion, if valid, precludes liability coverage.[1]

 The Armendarizes argue that the exclusion in this case is akin to the invalid "family member exclusion." *See Nat'l County Mut. Fire Ins. Co. v. Johnson*, 879 S.W.2d 1, 5 (Tex.1993).[2] The family member exclusion, also called Endorsement 575, reads, "We do not provide Liability Coverage for you or any family member

---

1. The Armendarizes argue that Alma was clearly a "covered person" in the Progressive policy, although she was not the named insured. However, even if she were a covered person, the exclusion would still preclude liability coverage because the uninsured van belonged to a family member.

2. The family member exclusion is invalid "to the statutorily-imposed minimum limit of automobile liability insurance imposed by the [Texas Motor Vehicle Safety Responsibility] Act." *Johnson*, 879 S.W.2d at 5 n. 1 (Cornyn, J., concurring & dissenting) (as the "swing vote," Justice Cornyn's opinion determined the scope of the plurality's judgment).

for bodily injury to you or any family member." *Id.* at 1 n. 1. The family member exclusion is invalid because it conflicts with Texas's public policy to ensure "that every motor vehicle is covered by an automobile policy that will protect all claimants against losses which arise out of the operation of the vehicle." *Id.* at 2. The family member exclusion runs afoul of this purpose because it makes otherwise-insured drivers uninsured for claims against them by innocent family members. *Id.* at 5. Thus, the Armendarizes analogize that the exclusion in this case precludes coverage simply because a family member was the victim of Alma's accident.

However, there was no liability coverage here because the family member's vehicle was uninsured, not because a family member was the injured claimant. Even if an unrelated third party had been struck by the van, the exclusion would still apply because the van was owned by a family member but was uninsured. Several courts have considered similar "owned-but-uninsured" exclusions, and, in each case, the exclusion has been found valid. *Layton v. Mid–Century Ins. Co. of Tex.*, 18 S.W.3d 308, 309 (Tex.App.-Beaumont 2000, no pet.) (medical payments coverage unavailable where truck in accident was owned by insured, but unscheduled); *Conlin v. State Farm Mut. Auto. Ins. Co.*, 828 S.W.2d 332, 336–37 (Tex.App.-Austin 1992, writ denied) (excluding underinsured motorists (UIM) benefits for family member's owned-but-unscheduled car in which insured's daughter was a passenger at her death); *Tex. Farmers Ins. Co. v. McKinnon*, 823 S.W.2d 345, 346–47 (Tex.App.-Beaumont 1991, writ denied) (UIM); *Moore v. State Farm Mut. Auto. Ins. Co.*, 792 S.W.2d 818, 821 (Tex.App.-Houston [1st Dist.] 1990, no writ) (personal injury protection (PIP) and UIM); *Harwell v. State Farm Mut. Auto. Ins. Co.*, 782 S.W.2d 518, 520 (Tex.App.-Houston [1st Dist.] 1989, no writ) (PIP); *Berry v. Tex. Farm Bureau Mut. Ins. Co.*, 782 S.W.2d 246, 247 (Tex.App.-Waco 1989, writ denied) (UIM); *Beaupre v. Standard Fire Ins. Co.*, 736 S.W.2d 237, 239 (Tex.App.-Corpus Christi 1987, writ denied) (UIM); *Springfield v. Aetna Cas. & Sur. Ins. Co.*, 612 S.W.2d 285, 289 (Tex.Civ.App.-Austin), *writ ref'd n.r.e.*, 620 S.W.2d 557 (Tex.1981) (PIP); *Holyfield v. Members Mut. Ins. Co.*, 566 S.W.2d 28, 29 (Tex.Civ.App.-Dallas 1978), *writ ref'd n.r.e.*, 572 S.W.2d 672 (Tex.1978) (per curiam) (PIP). The reasoning for this line of cases is succinctly set forth in *Holyfield.*

■ In *Holyfield,* the insured argued that an owned-but-unscheduled-vehicle exclusion restricted the breadth of coverage required by Texas statute. 566 S.W.2d at 29. The court disagreed, reasoning that "[a]n insurer is entitled to accurately reflect in the policy the risks being insured and to charge premiums based upon those risks." *Id.* The Armendarizes' contention would permit an insured and family members, who own more than one vehicle, to obtain insurance and pay premiums "based solely on the risk attendant to one vehicle, and thereby render the insurer liable for injuries sustained in or because of other vehicles owned" by them. *Id.* The summary judgment evidence bolsters this reasoning: it reflects that when Alejandro deleted the van's coverage, he received a $361.00 decrease in the cost of the policy. Simply, "the public policy of this state . . . does not require that a person be allowed to insure and pay premiums based solely on the risks attendant to one vehicle, and then recover from the insurer for injuries sustained in or because of a different, unscheduled vehicle owned by the insured or a family member." *Conlin,* 828 S.W.2d at 337.

Our decision in this case is consistent with the interpretation of owned-but-unin-

sured exclusionary language in other states. *See Kirkpatrick v. Colo. Farm Bureau Mut. Ins. Co.,* 839 P.2d 514, 516 (Colo.Ct.App.1992); *Toomey v. Krone,* 306 N.W.2d 549, 550 (Minn.1981); *Griswold v. Integon Gen. Ins. Corp.,* 149 N.C.App. 301, 560 S.E.2d 861, 864–65, 866 (2002) (noting that liability insurance is vehicle-oriented, as opposed to person-oriented, and owned-but-uninsured exclusion did not run afoul of state's financial responsibility act); *Sweeden v. Farmers Ins. Group,* 71 Ark. App. 381, 30 S.W.3d 783, 787 (2000). As the court noted in *Sweeden,* without the exclusion, an insurance company would be "required to insure against risks of which it is unaware, unable to underwrite and [for which it is] unable to charge a premium." *Sweeden,* 30 S.W.3d at 787.

Accordingly, we hold that Alma was not entitled to liability coverage under the Progressive policy for an accident occurring while she drove an unscheduled van owned by the named insured's family member. Because the trial court correctly granted Progressive's motion for summary judgment and denied the Armendarizes' motion, we affirm the trial court's judgment.